## GRIBBLE *v.* THE STATE OF IOWA.

The failure of a justice of the peace, where a party is charged with threatening to commit an offence against the person or property of another, to reduce the evidence to writing, and cause the same to be subscribed by the witnesses, as required by section 2781 of the Code, furnishes no good reason for dismissing the proceedings, on motion, in the District Court.

The jurisdiction of the District Court, in such cases, is in no sense in the nature of an appeal from the judgment or decision of the justice.

The justice, if he requires the defendant to give security to keep the peace, will be presumed to have exercised his authority properly.

The inquiry in the District Court is as to whether there is *still* any just reason to fear the commission of an offence against the person or property of the complainant.

In the District Court the fullest investigation may be had, and neither party is restricted to the evidence given before the inferior court.

Where in a proceeding to require a party to keep the peace, the defendant moved the District Court to dismiss the proceedings, on the ground that the justice had not written down the testimony as required by law; which motion was overruled; and where the evidence of the complainant was in writing and returned to the District Court, and it did not appear from the transcript of the justice, that any other witnesses were examined: *Held*, That it did not appear from the record, that the justice had not reduced all the evidence to writing; and this court must presume that the justice had done his whole duty.

Where in a proceeding to require a party to keep the peace, it was adjudged in

the District Court, that the defendant be discharged from his recognizance, upon the payment of costs, and thereupon the defendant moved to retax the costs, for the reason "that the costs, on the hearing in the District Court, could not be taxed against him, he having the right to such hearing upon written testimony, by law required to be sent up by the magistrate," which motion was overruled: *Held,* That the motion could not be sustained on the ground assigned.

And in such a case, if the defendant is entitled to be discharged in the District Court from his recognizance, he is equally entitled to be discharged from the costs made in that court. If bound over by the justice, the costs before that officer, are properly chargeable to him, even though he may be discharged in the District Court.

### *Error to the Lee District Court.*

ON the complaint of Joshua Day, the defendant was arrested, and being brought before a justice of the peace, and the evidence heard, was required to give security to keep the peace. The proceedings being returned into the District Court, at the next term, the defendant appeared and moved the court to dismiss the proceedings, on the ground that the justice had not written down the testimony, as required by law.

The motion to dismiss having been overruled, the court heard the proofs and allegations of the parties, and adjudged that the defendant be discharged from his recognizance, upon the payment of costs, taxed by the clerk, at $52,65. It appears, from the bill of exceptions, that " the defendant then moved the court to retax the costs, on the ground that the costs of the hearing in the District Court, could not be taxed against him, he having the right to such hearing upon written testimony, by law required to be sent up by the magistrate." This motion being overruled by the court, the defendant excepted, and the refusal of the court to allow the motion, is assigned for error.

*F. Semple,* for the plaintiff in error.

*Clarke & Henley* (for the attorney-general), for the state.

STOCKTON, J.—The Code, section 2781, requires that the

evidence before the justice shall be reduced to writing, and subscribed by the witnesses. If the justice fails to carry out this provision of the Code, whatever other remedy defendant may have, we do not see that such failure furnishes any good reason why the proceedings should be dismissed when brought into the District Court. The jurisdiction of the District Court, in such cases, is in no sense in the nature of an appeal from the judgment or decision of the justice. He will be presumed to have exercised his authority properly, if he requires defendant to give security to keep the peace. The inquiry in the District Court is, as to whether there is still any just reason to fear the commission of an offence against the person or property of complainant? and upon hearing the proofs and allegations, the court may either discharge the undertaking entered into by defendant, or may require a new one, for a time not exceeding one year. Code, section 2789.

In the present case, we do not see anything in the record, from which we can conclude that the justice did not reduce to writing all the evidence given before him. The evidence of the complainant is in writing, and was returned to the District Court. That any other witness was examined, and their testimony not reduced to writing, does not appear from the transcript of the justice, and is not otherwise shown by defendant. We cannot say that the justice has not reduced to writing the testimony of all the witnesses examined before him. If the justice does not send up all the depositions and papers in the cause to the District Court, the defendant may, by rule, compel their production. The court cannot presume that the justice has not done his whole duty.

Viewing this motion in the sense of a motion to discharge the defendant, without requiring him to pay the costs incurred in the District Court, if allowed at all, it must be for some other reason than that assigned in the motion. We know of no reason why the District Court should be confined to the testimony written down by the justice. The Code does not require it, nor did the defendant insist on such a

Gribble v. The State of Iowa.

course in the District Court, or make any objection to the introduction of oral testimony. If either party desires it, the fullest investigation made be had ; nor can we see that either reason or justice requires, that the parties should be restricted to the testimony given before the inferior court. The law provides that the defendant must appear at the next term of the District Court, and abide the order of the court. If he does not so appear, and the complainant does, the court shall forfeit his bond, and order it to be prosecuted. If neither party appears, the undertaking is discharged at the defendant's costs. The law is silent upon the subject of costs, where a trial is had in the District Court, and there does not appear to be any good reason for requiring defendant longer to give bond to keep the peace. The costs before the justice are properly chargeable to defendant. Of this, we do not understand him to complain. He objects, however, to being required to pay the costs in the District Court, when that court had found in his favor, that there was no just reason to fear that he would commit the offence alleged, and ordered him to be discharged from his bonds. We think the objection is well founded. If the defendant is successful in the District Court, he should not be burthened with the costs of the trial. The two questions cannot well be separated. If he is entitled to be discharged from his bonds, he is on the same ground, entitled to be discharged from the costs in the District Court ; the one judgment is an incident of the other.

The judgment of the District Court is, therefore, reversed, and defendant should be discharged on the payment of the costs incurred in the justice's court.