## THE STATE OF IOWA v. LEATHERS.

1. COSTS. The failure of the prosecuting witness to appear at the District Court, to further prosecute a party who has been required, upon his complaint, to enter into a recognizance to keep the peace, is not sufficient ground to relieve the defendant of costs then accrued.

*Appeal from Keokuk District Court.*

FRIDAY, JUNE 17.

THE facts are stated in the opinion.

*Wilkinson & Stort* for the appellant.

*Nourse*, Attorney-General, for the State.

LOWE, J.—The defendant was arrested and bound over to keep the peace, upon the complaint of one John Leester, to the effect that the defendant had threatened to take his life. At the next term of the District Court the prosecuting witness failed to appear, signifying thereby that his fears of danger were removed, and that he did not desire the undertaking of the defendant to be continued, and, thereupon, the Court discharged the defendant, upon payment of costs. The order taxing the costs of the prosecution to him, without a re-examination of the original complaint, is the matter of error complained of in this Court. The object of binding the defendant to keep the peace until the next term of the Court, is not that the Court may review the proceedings of the examining magistrate, but to determine the question whether it is necessary to continue the defendant's undertaking. If the prosecuting witness does not desire it, he is discharged as a matter of course, but the Court will presume that the magistrate acted rightly in the premises, and upon that presumption may properly tax the costs to the defendant, and more especially in this case, when the defendant waived the

examination and voluntarily entered into bond to keep the peace. If, however, a re-examination should take place in court, at the instance of the prosecuting witness, with a view of continuing the defendant under bonds and the complaint fails, or is found groundless, the costs made in the District Court, in that event, will be taxed to the unsuccessful party. *Gribble* v. *The State*, 3 Iowa, 217. In this case there was no error, and the same is

Affirmed.