### The State v. Holliday.

1. **Costs:** PRIVATE PROSECUTOR. The failure of the prosecuting witness to appear at the District Court and further prosecute a defendant who has, upon his information, been placed under bond to keep the peace, does not warrant a judgment against such prosecutor for the costs that have been incurred.

*Appeal from Polk District Court.*

THURSDAY, JUNE 20.

THE necessary facts will be found stated in the opinion.

*W. W. Williamson* for the appellant.

*Polk & Hubbell* for the appellee.

LOWE, Ch. J. — Upon the complaint of William R. Stimpson, Holliday, the defendant, by the judgment of a

1. COSTS: private prosecutor.

justice of the peace, was put under bond to keep the peace toward the people of the State of Iowa, and especially toward Stimpson, the prosecuting witness. The proceedings, as required, were returned into the District Court. The bill of exceptions shows that on the first day of the next term thereof, the defendant, Holliday, appeared, but that the complaining witness, Stimpson, did not appear, and, therefore, the court, at the request of the defendant, and without hearing any testimony, and without trial, and without inspecting the proceedings had before the magistrate, ordered the discharge of the defendant and his sureties, and further ordered, that the costs of the prosecution in that court should be taxed to the prosecuting witness, and that execution issue therefor. This judgment for costs against the prosecuting witness made him a party to the record, and entitles him to the right of exceptions and appeal, both of which he availed himself, and we think properly so. Section 4646 of the Revision does authorize the taxation of costs against a prosecuting witness when the prosecution fails, and the court is satisfied, from all the circumstances, that the same was malicious or without probable cause. This record affords no evidence that such were the facts in this case. On the other hand, the bill of exceptions, shows that the costs were taxed against the prosecutor because he failed to appear at court. So far from this being the law, sections 4465, 4466, of the Revision, show that he is not bound to appear; and the only legitimate inference to be drawn from his non-appearance is, that he does not desire that the defendant should be held to keep the peace any longer, and he will be discharged from his undertaking upon payment of costs.

This rule of practice we settled in the case of *The*

*State* v. *Leathers* (16 Iowa, 406), where we held, in substance, that the failure of the prosecuting witness to appear at the District Court to further prosecute the party who has been required, upon his complaint, to enter into a recognizance to keep the peace, is not sufficient ground to relieve the defendant of costs then accrued. See also *Gribble* v. *The State*, 3 Iowa, 217.

Under the circumstances, the case should have been disposed of in this way. The order, therefore, taxing the costs made in the District Court, to the prosecuting witness, will be

Reversed.