*A. P. Hovey*, for the appellant.

---

Long *v.* The State on the relation of Case.

In a procee ing for surety of the peace, a verdict that the defendant is guilty, is insufficient under the statute.

APPEAL from *Switzerland* Court of Common Pleas. Wednesday, June 2.

Vol. X.—23

May Term,
1858.

Long
v.
The State.

Davison, J.—The complaint in this case is in the form of an affidavit. It was originally filed before a justice of the peace, and is as follows:

"*Eliphalet Case* swears that he has just cause to fear, and does fear, that *James M. Long* will by violence injure his property, as he has made threats to shoot his cattle; and that he makes this affidavit only to secure the protection of the law, and not from anger or malice."

The justice, having required *Long*, the defendant, to enter into the usual recognizance, certified the proceedings to the Common Pleas; and in that Court the cause was submitted to a jury who returned the following verdict: "We the jury find the defendant guilty." Thereupon the defendant moved in arrest of judgment; but the Court refused his motion, and rendered final judgment, &c.

The only question to settle in the case relates to the sufficiency of the verdict. Does it respond to the issue?

The statute upon which the proceeding for surety of the peace is based, enacts that the issue to be tried, in such case, shall be *whether the complaining witness has just cause to entertain the fears expressed in his affidavit*, which issue shall be tried by the justice, unless either party demand a jury, &c.; and that a transcript of the proceedings before the justice being by him filed in the clerk's office, such cause shall be docketed and tried in the Common Pleas, under the rules governing such trials before justices; and that if the finding of the Court or the verdict of the jury be against the defendant *on the issue*, such Court shall require of such defendant a recognizance, &c. 2 R. S. pp. 500, 501, §§ 23, 25, 26.

The statute thus defines the issue, and the jury simply find the defendant guilty. This seems to be too indefinite to meet the requirements of the statute. The defendant may have been guilty of the threats charged in the complaint, and still they may have been made under circumstances and feelings not calculated to induce the fears expressed in the affidavit. At all events, the principle that the verdict must respond to the issue is too well settled to

admit of controversy.   In this instance, it evidently fails <span>May Term,</span>
to do so.   Hence the motion in arrest should have been <span>1858.</span>
sustained.

*Per Curiam.*— The judgment is reversed with costs.
Cause remanded, &c.

*S. Carter* and *C. Gazlay*, for the appellant.