Murray *v*. The State.

Under the facts the appellant is not liable for the loss of the whisky. Ordinary care was all that the law required. The court below erred in overruling the motion for a new trial.

*E. Walker*, for appellant.

*N. R. Linsday* and *J. A. Lewis*, for appellee.

———————————◇———————————

## MURRAY *v*. THE STATE.

INSTRUCTIONS.—An omission by the court, on the trial of a criminal prosecution, to charge the jury, as required by statute, that the defendant "is presumed to be innocent until the contrary is proved," and that "when there is a reasonable doubt whether his guilt is satisfactorily shown, he must be acquitted," must be excepted to before the jury retire to consider of their verdict, in order that the court may have an opportunity to supply the omission.

SAME.—It is too late first to make the objection on a motion for a new trial.

SURETY OF THE PEACE.—The statute in question does not apply to a proceeding for surety of the peace.

SAME.—In a proceeding for surety of the peace, the issue to be tried is not, under the statute, the guilt or innocence of the defendant, but whether the complaining witness has just cause to entertain the fears expressed in his affidavit.

APPEAL from the *Clay* Common Pleas.

GREGORY, C. J.—This was a proceeding under the statute for surety of the peace. 2 G. & H., p. 640, *et seq.* Trial by jury; verdict, "that *Martha Kenton,* the complaining witness, has just cause to entertain the fears expressed in the affidavit." A motion for a new trial was overruled, and an order was made by the court that the defendant enter into a recognizance to keep the peace for twelve months.

The error complained of is, that the court omitted to charge the jury that "this is a criminal prosecution; that the defendant is presumed to be innocent until the contrary is proved; that when there is a reasonable doubt whether his guilt is satisfactorily shown he must be acquitted." This objection was made for the first time on the motion for a new trial.

The statute requires in criminal trials, for offenses committed, that the court shall charge the jury that "a defendant is presumed to be innocent until the contrary is proved, and that when there is a reasonable doubt whether his guilt is satisfactorily shown, he must be acquitted." 2 G. & H., §§ 103, 104, pp. 414, 415. But an omission thus to charge must be excepted to at the time, and before the jury retire to consider of their verdict, so that the court may supply the omission. It is too late to make the objection for the first time on the motion for a new trial.

But we do not think that this statute applies to a proceeding for surety of the peace. The question of the guilt or innocence of the defendant is not involved. The statute provides that "the issue to be tried in such case shall be whether the complaining witness has just cause to entertain the fears expressed in his affidavit." 2 G. & H., § 23, p. 641. Although this is a criminal proceeding, it is not a prosecu-

tion for crime committed, but a proceeding to prevent the commission thereof. The court below was not asked to charge that this was a criminal proceeding.

The judgment is affirmed, with costs.

*G. D. Teter*, for appellant.

*D. E. Williamson*, Attorney General, for the State.