THE STATE, on the complaint of ZEHNER, *v.* VANKIRK.

SURETY OF THE PEACE.—DISCHARGE OF JURY.—The provision of the constitution that no person shall be twice put in jeopardy for the same offense does not apply to a proceeding for surety of the peace.

APPEAL from the *Marshal* Common Pleas.

ELLIOTT, J.—Complaint before a justice of the peace, by *Zehner* against *Vankirk,* for surety of the peace. The justice found that *Zehner* had just cause to entertain the fears expressed in his affidavit against the defendant, who thereupon entered into a recognizance, as required by the statute, for his appearance at the next term of the Court of Common Pleas, to answer said complaint. In the latter court, the issue was submitted to a jury for trial. The jury, failing to agree on a verdict, were, in the absence of the prosecuting witness and his counsel, discharged by the court from the further consideration of the case. *Zehner* afterwards, during the same term, moved the court that another jury be empanneled to try said cause, which motion the court overruled, and, over *Zehner's* objections, discharged

the defendant, and rendered final judgment against *Zehner*, the prosecuting witness, for costs.   To these rulings *Zehner* excepted, and appeals to this court.

No brief has been filed in behalf of the appellee.   The record does not disclose any reason for the action of the court, in discharging the defendant and adjudging the costs against the prosecuting witness, and we are wholly unable to discover one.   The appellant's counsel, in their brief, say that the court below discharged the defendant because by the submission of the case to a jury he had once been put in jeopardy, and could not be again tried, and that the discharge of the jury, because of their failure to agree, was tantamount to an acquittal.   But this is not a prosecution for a crime or offense committed.   It is a proceeding to restrain or prevent the commission of a crime, to which the constitutional provision alluded to has no application.   See *Murray* v. *The State*, 26 Ind. 141.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*C. H. Reeve, T. A. Hendricks, O. B. Hord* and *A. W. Hendricks*, for appellant.