DELOOHERY v. THE STATE, on complaint of DILKS.

SURETY OF THE PEACE.—REVENUE STAMP.—No revenue stamp is required by the act of Congress to be placed upon the papers or process in proceedings for surety of the peace.

SAME.—WITNESS.—The defendant in a proceeding for surety of the peace is not a competent witness in his own behalf.

APPEAL from the *Decatur* Common Pleas.

ELLIOTT, C. J.—This was a proceeding under the statute, in the name of the State, on complaint of *Dilks*, against *Deloohery*, the appellant, for surety of the peace, commenced before a justice of the peace. The affidavit alleged that the relator had cause to fear, and did fear, that *Deloohery* would injure his property or his person by violence. The justice found that *Dilks* had cause to fear that *Deloohery* would injure his person, and thereupon required the latter to enter into a recognizance for his appearance in the Court of Common Pleas of said county, on the first day of the succeeding term, &c. In the latter court, the defendant moved to dismiss the proceedings, which motion the court overruled, to which the defendant excepted. The case was then submitted to the court for trial without a jury, and the court found that the complaining witness had just cause to entertain the fears expressed in his affidavit, and thereupon required the defendant to enter into a recognizance in the sum of $100, to keep the peace for the period of six months, and gave judgment against him for costs.

The appellant moved to dismiss the case in the court below, because no revenue stamp was attached to any of the papers. The court did right in overruling the motion, for the reason that no such stamp was required by the act of Congress.

The defendant offered himself as a witness in his own behalf, on the trial in the Court of Common Pleas, but the court refused to permit him to testify, to which he excepted

and assigned the ruling for error. The statute makes the parties to "any civil cause or proceeding" competent witnesses to testify in their own behalf. 2 G. & H., 168. In *Murray* v. *The State*, 26 Ind. 141, we held that a prosecution, under the statute, for surety of the peace, was a criminal proceeding, to prevent the commission of crime. A party to a suit was not a competent witness therein for himself, at common law. And as the State has only removed the disability in civil causes and proceedings, and not in criminal ones, the latter are still governed by the common law rule. It follows, that the defendant was not a competent witness for himself, and the court did not err in refusing to permit him to testify.

The judgment is affirmed, with costs.

*O. B. Hord* and *C. Ewing*, for appellant.

*J. Gavin* and *G. B. Grydon*, for appellee.