The State *v.* Cooper.

## No. 11,175.

## THE STATE *v.* COOPER.

SURETY OF THE PEACE.—*Jurisdiction.*—The circuit court has no original jurisdiction of proceedings for surety of the peace.

From the Lake Circuit Court.

*F. T. Hord,* Attorney General, *J. B. Peterson,* Prosecuting Attorney, *M. Wood* and *T. J. Wood,* for the State.

HAMMOND, J.—Prosecution for surety of the peace, commenced by affidavit and information in the court below. The court on the appellee's motion dismissed for want of jurisdiction. The question presented by the record is, Had the court below original jurisdiction in this case?

The statute in reference to prosecutions for surety of the peace makes no provision for their commencement except before justices of the peace. Section 1606, R. S. 1881. It is claimed, however, by counsel for the State, that a prosecution of this kind is a criminal proceeding, and that original jurisdiction is conferred upon the circuit court by section 1314, R. S. 1881, which gives that court "exclusive jurisdiction * * * in criminal cases * * * except where exclusive or concurrent jurisdiction is or may be conferred by law upon justices of the peace."

While the criminal practice largely governs in a proceeding like this, we are of the opinion that the case itself is not a criminal case. The object of the prosecution is not the punishment of crime already committed, but to prevent the commission of crime, or breach of the peace, by requiring persons suspected of future misbehavior to give assurance to the public, by recognizance, that the apprehended offence shall not happen. Hence this proceeding is called *preventive* justice as distinguished from a prosecution for a past offence, which is called *punishing* justice. 4 Bl. Com., p. 251.

In *Murray* v. *State,* 26 Ind. 141, it was held, in a prosecution for surety of the peace, not error for the court to refuse

to instruct the jury that it was a criminal prosecution; that the defendant was presumed to be innocent until the contrary was proved, and that, if there was a reasonable doubt of his guilt, he should be acquitted. Although the statute in criminal cases requires the court to charge the jury that the defendant is presumed to be innocent until the contrary is proved, and that he must be acquitted if there is a reasonable doubt whether his guilt is satisfactorily shown, it was said in the above case: "We do not think that this statute applies to a proceeding for surety of the peace. * * * Although this is a criminal proceeding, it is not a prosecution for a crime committed, but a proceeding to prevent the commission thereof."

In *State* v. *Vankirk*, 27 Ind. 121, it was held that the provision of the Constitution that no person shall be twice put in jeopardy for the same offence, does not apply to a proceeding for surety of the peace.

Section 1314, *supra*, does not, as we think, give circuit courts original and concurrent jurisdiction with justices of the peace in prosecutions for surety of the peace. That section relates to crimes which have been committed, and not to those that are merely apprehended. Nor do we think that concurrent jurisdiction in these prosecutions is conferred upon circuit courts by section 1324, R. S. 1881. That does not apply to circuit courts, but to the judges of such courts, who are authorized, in their respective districts, to take "all necessary recognizances to keep the peace, or to answer any criminal charge or offence in the court having jurisdiction." By section 15 of article 7 (section 175, R. S. 1881), of the Constitution of the State, all judicial officers are made conservators of the peace in their respective jurisdictions. They are also made conservators of the peace by statute, section 1702, R. S. 1881; and by section 2041, R. S. 1881, it is made a misdemeanor for any one, when required by any conservator of the peace to assist him in the execution of his office, or the service of any process, to refuse or neglect to render such as-

sistance without a valid cause for so refusing or neglecting. Sir William Blackstone says : " The lord chancellor or keeper, the lord treasurer, the lord high steward of England, the lord mareschal, the lord high-constable of England (when any such officers are in being), and all the justices of the Court of King's Bench (by virtue of their offices), and the master of the rolls (by prescription), are general conservators of the peace throughout the whole kingdom, and may commit all breakers of it, or bind them in recognizances to keep it." 1 Bl. Com., p. 350.

We are of the opinion that the authority of circuit judges to take recognizances, under section 1324, *supra,* can only be exercised by them in their offices as conservators of the peace, and that this section does not confer upon their courts original jurisdiction in prosecutions for surety of the peace.

The court below did not err in sustaining the appellee's motion to dismiss for want of jurisdiction.

Judgment affirmed.