Filed Dec. 19, 1883.

———————◆———————

No. 10,907.

## ARNOLD v. THE STATE.

SURETY OF THE PEACE.—*Reasonable Doubt.*—*Jury.*—A proceeding for surety of the peace is not a prosecution for crime, the doctrine of reasonable doubt does not apply to it, nor are the jury the judges of the law, but they must take the law from the judge.

SAME.—*Evidence.*—Proof that the defendant had been informed that the complainant had slandered his wife on the same day of, and just prior to, the menacing conduct which gave rise to the proceeding, is not admissible for the defendant.

SAME.—*Instructions.*—Where the court informs the jury that the proceeding is based on section 1606, R. S. 1881, which is then read, and then in the next instruction tells them that the issue to be tried is whether the complainant has just cause to entertain the fears expressed in the affidavit, there is nothing which can mislead the jury, and no error.

From the Porter Circuit Court.

*E. D. Crumpacker* and *A. D. Bartholomew,* for appellant.

*F. T. Hord,* Attorney General, *J. B. Peterson,* Prosecuting Attorney, and *W. B. Hord,* for the State.

HAMMOND, J.—This was a prosecution commenced before a justice of the peace on the affidavit of George H. Dolson, against the appellant, for surety of the peace. The affidavit stated that the complaining witness had just cause to fear, and did fear, that the appellant would injure him by violence, and that the affidavit was not made from anger or malice, but to secure the protection of the law. The appellant waived a trial before the justice, and entered into a recognizance to keep the peace and to appear in the court below. There the case was tried by a jury. A verdict was returned against the appellant, and, over his motion for a new trial, judgment was rendered against him for costs, and requiring him to enter into recognizance to keep the peace one year.

The questions discussed in the brief for the appellant as to the rulings of the trial court are properly in the record, and will be considered in the order in which they are presented:

1. The evidence tends to show that the menacing conduct of the appellant towards the prosecuting witness, which occasioned the filing of the affidavit, occurred about four days before the filing of the same. The appellant testified that on the day, and just before the happening, of the conduct complained of, he had a talk with William Buell. Appellant's counsel then asked him this question: "What, if anything, did Buell say to you during that conversation as to what Dol-

son had said about your wife?" This question was objected to as not being competent, material or relevant. The appellant offered to prove by himself, in answer to the question, that Buell informed him that Dolson, the prosecuting witness, had told Buell, and was circulating the report, that the appellant's wife had been guilty of adultery. The court sustained the objection to the question.

We can not say that there was any error in the ruling of the court. The issue to be tried was whether the complaining witness had just cause to entertain the fears expressed in his affidavit. The statement made by Buell to the appellant, which was not admitted in evidence, furnished, of course, no legal excuse or justification for the appellant's threatening behavior towards Dolson. It did not tend to prove that the appellant meditated no harm. On the contrary, it tended to prove that there was ground for anger and malice, and added weight to the probability that, in his violent language and conduct, the appellant intended to injure the person of the complaining witness.

2. The court refused an instruction requested by the appellant to the jury, to the effect that if from the evidence they had a reasonable doubt as to whether the prosecuting witness had just cause to entertain the fears expressed in his affidavit at the time of filing the same, the verdict should be for the appellant.

There was no error in refusing to give this instruction. It was said in *Fisher* v. *Hamilton*, 49 Ind. 341, that "A prosecution, under the statute, for surety of the peace is a criminal proceeding to prevent the commission of a crime, but is not a prosecution for a crime." See, also, *State* v. *Cooper*, 90 Ind. 575.

In *State* v. *Vankirk*, 27 Ind. 121, it was held that the constitutional provision which protects one from a second jeopardy for the same offence, does not apply to a prosecution for surety of the peace. In *Murray* v. *State*, 26 Ind. 141, it was held that the statute governing the trial of criminal cases,

which requires an acquittal where there is a reasonable doubt of guilt, has no application in surety of the peace prosecutions.

3. The court, in its third instruction, to which appellant excepted, said to the jury : " In this case, if you find by a clear preponderance of the evidence that George H. Dolson, the prosecuting witness, has just cause to entertain the fear expressed in his affidavit, your verdict should be for the State."

From what is said above respecting the refusal of the court to give the instruction requested by the appellant upon the subject of reasonable doubt, it follows that the instruction given by the court was correct. We think that a fair preponderance of evidence, showing a reasonable probability that the accused at the time of filing the affidavit intended to commit the injury apprehended in the affidavit, is sufficient for the purpose of requiring from him a recognizance for his good behavior. In a prosecution for a crime, if there is no conviction, neither the State nor the prosecuting witness is liable for costs. But in a prosecution for surety of the peace, if the finding be for the defendant, all costs are adjudged against the complaining witness. Section 1613, R. S. 1881. Fairness to such witness, as well as the public peace in preventing the commission of crime, ought to make it sufficient for the prosecution if the weight of evidence sustains the material allegations of the affidavit.

4. The court also refused to instruct the jury that they were the judges of the law and the facts.

Section 19, of article 1, of the Constitution of the State provides that " In all criminal cases whatever, the jury shall have the right to determine the law and the facts."

But while this is a prosecution to prevent the commission of a crime, it is not a prosecution for a crime. *Murray* v. *State, supra,* and *Fisher* v. *Hamilton, supra.* The constitutional provision above quoted is not applicable to a prosecution for surety of the peace. In such case, the jury should receive the law as given by the court. The instruction asked was properly refused.

5. The court, of its own motion, gave the jury the following instruction :

" Gentlemen of the Jury, this prosecution is based on the following section of the statute, 1606—affidavit : ' When complaint is made in writing, upon oath before any justice of the peace, that the complainant has just cause to fear, and does, fear, that another will destroy or injure his property, or injure, by violence, himself or some member of his family or his ward, and that he makes such affidavit only to secure the 'protection of the law and not from anger or malice, any justice with whom such affidavit is filed shall issue his warrant, and cause the person complained of to be arrested and brought before him for trial.' "

The appellant excepted to this instruction. His objections to it are thus stated in the brief of his counsel :

"As will be seen, the court informed the jury that this prosecution was based on section 1606 of the statutes, reading such section to them, *verbatim*, as part of the instructions in the cause. This section defines two general classes of actionable fear, viz. :

"*First.* Of destruction or injury to property.

"*Second.* Of injury, by violence, to the complainant, or some member of his family, or his ward.

" The affidavit was filed under the latter clause, and, by its averments, limited to a fear of injury, by violence, to the person of the complainant; consequently, the only issue in the case was whether the complainant had cause to fear that appellant would injure, by violence, his person. The instruction enlarged the issue, and brought before the jury questions which they had no right to consider, and to which no defence had been made. As applied to this case, the instruction was radically wrong. The prosecution is not based on section 1606, but upon one particular clause thereof. The instruction led the jury to believe that the issues embraced within their scope every conceivable fear for which an action could be maintained."

We do not think the jury could have been misled by the instruction as suggested by counsel, especially as the court, in an instruction immediately following the above, informed the jury that the issue to be tried was whether the complaining witness had just cause to entertain the fear expressed in his affidavit. Taking the instructions together, we do not think the jury could have misapprehended the issue which they were called to try.

The judgment will have to be affirmed.

Affirmed, at appellant's costs.

Filed Nov. 9, 1883.

### ON PETITION FOR A REHEARING.

ELLIOTT, J.—The Constitution makes the jury the exclusive judges of the law and the evidence in criminal cases, but it is only to criminal cases that the provision applies.

There can be no criminal case where there is no crime, and there can be no crime unless both the act and the intent exist. In surety of the peace cases there is no crime, because no act is committed which the law regards as a crime. The cases referred to in the former opinion very clearly decide that a proceeding under the statute regulating surety of the peace cases is not a criminal case, and they rest upon sound principle.

Had counsel for appellant looked into the text-books they would have found that a proceeding to secure a recognizance to keep the peace was never regarded as a criminal case. Blackstone, having completed his discussion of crimes and misdemeanors, opens the eighteenth chapter of Book IV., by saying: "We are now arrived at the fifth general branch, or head, under which I propose to consider the subject of this book of our commentaries, viz.: The means of *preventing* the commission of crimes and misdemeanors," and the great commentator then proceeds to discuss proceedings to obtain bonds to keep the peace as a different thing from a prosecution for a crime or misdemeanor. It thus appears that when

our Constitution was adopted a proceeding to compel the execution of a bond to keep the peace was not a criminal case and it is, therefore, clear that the provision in the Constitution does not apply to such proceedings.

It is no doubt true, that in a limited sense the proceeding is a criminal prosecution, and that, as to matters of practice, the rules of criminal, rather than of civil, procedure apply, but it does not follow that it is a criminal case within the meaning of the Constitution. The constitutional provision applies only to prosecutions for crimes that have been committed, and not to prosecutions to prevent their commission.

Petition overruled.

Filed Dec. 18, 1883.