## Richmond.

## CHERRY v. THE COMMONWEALTH.

### January 31st, 1884.

1. LIQUOR LICENSES—*Rules to revoke.*—It was not the intention of the legislature to require in proceedings under § 106, chapter 206, Acts of Assembly 1874–5, page 244, the application of the strict and technical rules applicable to indictments.

2. IDEM—*Idem—Civil proceedings—Defendants competent witnesses.*—In proceedings to revoke liquor licenses under said section, the defendants are competent to testify in their own behalf, those proceedings being not criminal in their nature.

3. IDEM—*Idem—Commonwealth's attorney.*—Those proceedings may be on the motion of any other person, as well as of the Commonwealth's attorney.

4. IDEM—*Idem—Trial by jury—Bar.*—In such proceedings the defendant is not entitled to a trial by jury. The object is not punishment, but revocation of privilege. It is no bar to the proceeding that it is founded on some act or offence wherefor the defendant has been formerly convicted. *Davis* v. *The Commonwealth,* 75 Va. 944.

5. LACY, J., *dissenting,* held that such proceedings are criminal in their nature, and that the revocation of the license is the punishment; and that, therefore, the defendant was not a competent witness in his own behalf.

Error to judgment of circuit court of Norfolk county refusing a writ of error and *supersedeas* to judgment of county court of Norfolk county in proceedings had against T. L. Cherry, under Acts 1874–5, chapter 206, section 106, page 244, on a rule issued on the motion of the attorney for the Commonwealth against him to show cause why his license to sell liquor should not be revoked for charges therein contained.

The opinion of the court states the case.

*Wm. H. Stewart* and *Edwards & Harper*, for the plaintiff in error.

*Attorney-General F. S. Blair*, for the Commonwealth.

1st. The rule was sufficiently certain, and a similar rule in *Davis* v. *The Commonwealth*, 75 Va. 944, was held sufficient upon a motion to quash.

2d. The proceeding by this rule was a criminal proceeding, and therefore the said Cherry was an incompetent witness in his own behalf.

3d. The evidence, and not the facts, is certified, and therefore all the evidence of the appellant must be excluded, as on a demurrer to evidence.

The proof in support of the rule is conclusive to show that the plaintiff in error had violated the law by selling liquor on Sunday and to minors.

LEWIS, P., delivered the opinion of the court.

This proceeding was conducted under the provisions of section 106, ch. 206 of the Acts of Assembly of 1874–75, p. 244, which is as follows: "Upon the motion of the attorney for the Commonwealth, for the county, city or town, or of any other person, after ten days' notice to any person or firm licensed to sell liquors or any other thing, the granting of whose license was based upon the certificate of a court, the court which granted the certificate may revoke the said license. When the license of any person is revoked as aforesaid, the court shall give judgment against the said person for the costs of the proceeding, including a fee of five dollars to the attorney for the Commonwealth." The proceeding was begun, by the entry of the following order, on the 4th day of September, 1883: "It having been brought to the attention of the judge of this court that T. L. Cherry,

Opinion.

John M. Johnson and John Foreman, who have been granted a retail liquor and bar-room license at the village of Deep Creek, in this county, have repeatedly within the twelve months last preceding, at said village aforesaid, violated the statute regulating and governing the license and sale of ardent spirits, beer, wine, cider, malt liquors, and mixtures thereof, in this Commonwealth, in this, to-wit : That they, and each of them, have on Sundays opened their place of business, and then and there sold ardent spirits, malt liquors, wines, and mixtures thereof; that they, and each of them have, on Sunday and other days of the week, sold ardent spirts, wines, malt liquors and mixtures thereof, to minors, without the consent of the parents and guardians of said minors; that they, and each of them, have kept, and now do keep, disorderly houses, to the disturbance of the peace and quiet, and to the great annoyance of the good people of Virginia at said village aforesaid.  It is ordered by this court, that T. L. Cherry, John M. Johnson and John Foreman, and each of them, be summoned to appear before this court, on Monday, the 24th day of September, 1883, that being the seventh day of the September term of this court, to then and there show cause, if any they can, why their said license, as retail liquor dealers and bar-room keepers, should not be revoked."

A copy of this order having been duly served on Cherry, the plaintiff in error here, he appeared and moved the court to quash the summons, " because the same did not specially set forth any offence committed by the defendant, but was too general, vague, and indefinite."   The court sustained the motion as to the charge of selling liquor to minors, and overruled it as to the other two charges therein contained, to which ruling the defendant excepted ; and thereupon, the testimony on both sides having been heard, the judgment complained of was rendered, which is as follows: " The court having fully considered the evidence and

arguments of counsel in this case, and it appearing that the said T. L. Cherry had, since the 1st day of May, 1883, kept a disorderly house, it is ordered that his licenses aforesaid be revoked, and that he do pay the costs of this prosecution." The defendant then applied to the judge of the circuit court of Norfolk county, in vacation, for a writ of error, which was refused, the judge making the following endorsement on the petition: "This application is refused, at the suggestion of counsel, for want of time to make proper examination, by reason of official engagements. (Signed) George Blow, Judge, &c." Thereupon a writ of error and *supersedeas* was awarded by one of the judges of this court.

Three errors are assigned in the petition, based upon bills of exceptions, which appear in the record:

1st. The first is that the county court erred in refusing to quash the summons on the motion of the defendant. The order of the court, a copy of which was served upon the defendant, has already been set forth at length, and with the general charge relating to the sale of liquor to minors stricken out, which was done, it is sufficiently full and precise to satisfy the requirements of the statute under which the proceeding was conducted. It was manifestly not the intention of the legislature to require in such proceedings the application of the strict and technical rules which apply to indictments and other forms of accusation in criminal prosecutions. The statute requires at least ten days' notice to be given before a license can be revoked, but it does not, in terms, provide that the grounds upon which the revocation of the license is, or will be, asked for shall be set forth in the notice or otherwise. It is proper, however, that the person or firm whose license is sought to be revoked should be apprised with reasonable certainty of the charge or charges to be preferred, in order that a fair opportunity may be afforded to prepare and make defence. This was afforded by the notice in question, and the motion to quash was properly overruled.

2. At the trial the defendant, Cherry, offered to testify as a witness in his own behalf; but, on the motion of the attorney for the Commonwealth, the court refused to admit his testimony on the ground that he was not a competent witness; and this ruling of the court is the subject of the second assignment of error.

Whether he was or was not a competent witness depends upon the character of the proceeding against him. If in its nature it was a civil proceeding, it is conceded that, under the statute of this State allowing parties to testify in their own behalf, he was a competent witness; and on the other hand, if it was a criminal proceeding, that he was not a competent witness.

We think it properly belongs to the former class, and that he was, therefore, competent to testify. It is difficult to see how it can be otherwise regarded. Its object and the effect of the judgment was to revoke the defendant's license, not as a punishment for an offence committed, but for the preservation of the peace and good order of the community in which his business was conducted. It was not competent for the court to have rendered a judgment against him imposing punishment of any kind, nor was it attempted. It is true the proceeding was begun on the motion of the attorney for the Commonwealth, the officer whose duty it is to prosecute all offences against the authority of the State committed within his county; but it was just as competent for "any other person," by the express terms of the statute, to have moved in the matter, and with the same effect. In such a proceeding the defendant is not entitled to a trial by jury; nor is it a bar to the proceeding that it is founded upon some act or offence for which he has been previously convicted in a court of competent jurisdiction. This was decided in *Davis* v. *The Commonwealth*, 75 Va. 944, where the court said: "The revocation of the license is not a *punishment* for any spe-

cific offence, but is simply the withdrawal of a privilege which the State grants to carry on legitimate business. It can no more be said to be a criminal prosecution than would be a rule against an attorney to show cause why his name should not be stricken from the roll of attorneys for some act of malpractice for which he had been or was liable to be indicted and punished. In short, there is strictly no element of a criminal prosecution about it; and the county court erred in not permitting the defendant to testify.

This conclusion renders it unnecessary to consider the question raised by the third and last bill of exception as to the sufficiency of the evidence to support the judgment, as, for the error indicated, the judgment must be reversed, and the case remanded to be reheard.

LACY, J., dissenting, said:

I do not concur in the opinion of the majority. The appellant, T. L. Cherry, a bar keeper in the county of Norfolk, was summoned, under § 106 of ch. 206 of the Acts of 1874–5, to show cause why his liquor license should not be revoked by the court which had granted it.

The rule was issued September 4th, 1883, returnable the 24th of the same month. The complaint brought before the said court was, that Cherry had sold liquor on Sunday, had sold liquor to minors, and had kept a disorderly house. On the 30th day of October following, the court having heard the testimony of many witnesses, revoked the license of the plaintiff in error; upon application to the circuit court, writ of error was refused; but the same was awarded by one of the judges of this court, with *supersedeas.*

The first ground of exception and assignment of error here is, that the summons awarded against him was too general, vague and indefinite. He was charged with selling

liquor on Sunday, since May 1st, 1883, and selling liquor to minors, and with keeping a disorderly house.. If he committed the first or the second specific offence once only during the time specified, he was liable not only to have his license revoked, but to a heavy fine; under the last charge he was liable to have his license revoked.   He was notified as the law directs, and confronted with his accusers.   His witnesses, many in number, were heard in his defence, and the charge against him seems to have been sufficiently definite.

The second assignment of error is, that the court refused to allow him to testify in his own behalf.   A witness is not now excluded in any civil case from testifying on the ground of interest, except in certain specified exceptions.   In a criminal case he is now allowed to testify under one law, in such as assault and battery, &c., and offences under §§ 10 and 11 of ch. 2 of the Criminal Code.

It is conceded that if this is a criminal case, the plaintiff in error was not entitled to testify in his own behalf.   Was this a criminal case?   It may seem a little strange, says Mr. Bishop, yet such is the fact, that no definition distinguishing the criminal law from the other branches of our judicial system can be given, the correctness of which will be universally acknowledged; but, he says: " Criminal law treats of those wrongs which the government notices as injurious to the public, and punishes in what is called a criminal proceeding, in its own name.   A crime or misdemeanor is defined by Blackstone to be an act committed or omitted in violation of a public law either forbidding or commanding it.   In the present state of the authorities we may hesitate to say that in no case is anything deemed a crime unless punishable in the name of the State, but this is the general rule in the United States.

" Thus a sale of intoxicating liquor without license is a

criminal offence where a statute prohibits it under a penalty recoverable by indictment. It is otherwise when the proceeding is by action of debt for the penalty. A suit in a penal statute is deemed a civil case."

The distinction may be stated to be whether the real object and end of the proceeding is punishment or reparation. If the end is punishment, it is criminal; if reparation, it is civil. If the proceeding is by indictment, it is criminal; if by action, it is civil. A proceeding to compel a party to give sureties of the peace has been held to be criminal. 27 Ind. 521. A crime may be defined to be a breach and violation of the public rights and duties due to the whole community considered as a community in its social aggregate capacity. The word crime, says an eminent writer, seems, where it has reference to positive law, to comprehend those acts which subject the offender to punishment.

This offender was cited to answer the charge of selling liquor on Sunday. This, under the law, is a misdemeanor, the commission of which is punished by fine. He was cited to answer the charge of selling liquor to minors. Upon commission of this offence, he was liable as for a misdemeanor, and punishable by fine, and liable to be put to find sureties of the peace in a penalty not less than five hundred dollars.

But in addition to these punishments, he was liable to the punishment, at the hands of the court which had granted his license, of having the license revoked. If his license was revoked, he was still liable to prosecution for each offence. Can the revocation of the license be regarded other than a punishment? He was not only deprived of the money he had paid for his license—no inconsiderable sum—but his business was broken up, and his present means of support taken away. Must not this proceeding then be held to be

in the nature of a criminal proceeding? If he had committed no crime, he suffered no punishment. If he had committed the crimes charged, he was liable to punishment. Was the proceeding then a criminal proceeding, or, as is contended, a mere civil case; an action the end and object of which was reparation—compensation? If a civil action, what was the reparation in view? Can the end here be held to be a reparation? If so, the judgment must have commanded him to do some act in that direction.

It seems to me that the end in view was first to ascertain the question of his guilt. That being settled, the next step was the punishment which was inflicted by the court.

I am of opinion that the case can be considered in no other light than as a criminal prosecution against the plaintiff in error, carried on in the name of the Commonwealth by the law officer, before a court specially authorized to punish his infraction of the public law. I express no opinion as to the merits of the case. In the case of *Davis* v. *The Commonwealth*, 75 Va. R., the prosecution was under the same statute. Davis had been punished in the police court, by fine, for selling liquor on Sunday, and in the proceeding against him, under § 106, ch. 206, Acts 1874–5, he attempted to plead his former conviction in the police court in bar.

This court said, in effect, that his conviction for the specific offence was no bar to the prosecution. The revocation of the license is not a punishment for *a specific offence.*

The court could not have intended to say that it was not a punishment to revoke his license, saying: "If a man, having a license to sell ardent spirits, shall sell liquor to minors or keep his bar open on election day or Sunday, he is not a fit person to have a license, and his license ought to be revoked. It is a vain thing to say that because he has been fined for either of these offences, his license connot be·

revoked, because he has already been punished for an offence against the law. He might pay his fine and go on in his illegal traffic," &c.

It is clear that the legislature did not mean that upon conviction for selling liquor on Sunday, his license should not be revoked. Because the language of the original act of 1874, p. 76, is: "After conviction, he shall morever forfeit his license, at the discretion of the court." The statute of 1874–5, under which this prosecution was had, having been subsequently passed, and the power of revocation of the license expressly conferred in the discretion of the court, the later Sunday law omits the forfeiture. But it is not clear that the forfeiture of the license is not a punishment and was not so intended.

But however this may be, it cannot be considered a civil case. Can it be classed as what is called *quasi* criminal cases? It has been said in one case that *quasi,* crime would not embrace an indictable offence, whatever might be its grade. *Wiggins* v. *City of Chicago,* 68 Ill. 372.

In *Rector* v. *State,* 6 Ark. 187, where this distinction was considered by the supreme court of Arkansas, the court says:

"A crime or misdemeanor is defined to be an act committed or omitted in violation of a public law either commanding or prohibiting it. This general definition com prehends both crimes and misdemeanors, which, properly speaking, are mere synonymous terms. . . . It certainly cannot require an argument to prove that this is a criminal offence. The statute is express that a person guilty of it shall be, on conviction thereof, fined in any sum not less than ten nor more than two hundred dollars. The act, therefore, which is charged against the plaintiff was committed, if at all, in violation of a public law that expressly forbids it."

If the question was as to the act which confers this power

upon the court, it might be agreed that this offence, being declared a crime or misdemeanor by the statute, the accused was entitled to be heard before a jury of his peers before punishment was inflicted; but that is not the question here. The question is, Can an offence which the statute declares a misdemeanor be held to be a civil case because it is heard before the county court, which court is authorized to inflict the punishment?

In the case of *Deloohery* v. *The State*, 27 Ind. 521, which was upon appeal from the court of common pleas of Decatur county, the defendant offered himself as a witness in his own behalf on the trial in the court of common pleas, but the court refused to permit him to testify. He excepted and assigned the ruling for error. The case was heard upon appeal in the common pleas from a magistrate without a jury. The court of appeals said: "The statute makes the parties to any civil cause or proceeding competent witnesses in their own behalf. In *Murray* v. *The State*, 26 Ind. 141, we held that a prosecution under the statute for surety of the peace was a criminal proceeding to prevent the commission of crime. A party to a suit was not a competent witness for himself at common law. And as the State has only removed the disability in civil cases and proceedings, and not in criminal ones, the latter are still governed by the common law rule. It follows that the defendant was not a competent witness for himself, and the court did not err in refusing to permit him to testify."

And so I say in this case. The legislature has removed the said disability in civil cases, and in certain criminal cases, but the legislature has not thought fit to remove it in this sort of case, and the disability as at common law remains.

In the case of *Murray* v. *The State*, 26 Ind. 141, the court so held, holding, nevertheless, that in a proceeding for

surety of the person, the issue to be tried under the statute is not the guilt or innocence of the party, but whether the complaining witness has just cause to entertain the facts expressed in his affidavit.

For the foregoing reason, I do not concur with the majority in this case.

JUDGMENT REVERSED.