The State, *ex rel.* Lowe, Prosecuting Attorney, *v.* Tow.

No. 524.

## THE STATE, EX REL. LOWE, PROSECUTING ATTORNEY, *v.* TOW.

SURETY OF THE PEACE.—*Proceeding Before Justice.*—*Waiving of Trial.*— *Effect of.*—Although section 1609, R. S. 1881, concerning "surety of the peace" proceedings, provides for the issue to be tried and determined by the justice or jury, and section 1610 provides that if the justice or jury shall find that the affiant has just cause to entertain the fears expressed the person complained of shall enter into a bond, etc., yet if the defendant expressly waives a trial and furnishes bond for his appearance at the circuit court he can not be heard to complain because he was not tried in order that the "justice or jury" might ascertain whether the things he had confessed were true or not.

SAME.—*Appeal to Circuit Court.*—*Defective Judgment.*—*Collateral Attack.*— Where, in a surety of the peace proceeding, upon appeal to the circuit court, the defendant was found "guilty as charged in the affidavit," and ordered to enter into a bond to keep the peace "for the period of one year," the form of the judgment, although defective and irregular (see section 1612, R. S. 1881), can not be successfully attacked in a collateral proceeding. The defendant having made no objection to the form of the judgment at the time, and having acquiesced in it and performed the order of the court, he thereby waived all objection thereto and can not thereafter assail it collaterally.

SAME.—*Issue to be Tried.*—*Scope of Judgment.*—The issue to be tried in a "surety of the peace proceeding" is not the guilt or innocence of the defendant, but whether the complaining witness has just cause to entertain the fears expressed in his affidavit. The court is not authorized to inflict any immediate punishment upon the defendant. He can only be required to furnish a proper guaranty for good behavior for a determinate period.

From the Lawrence Circuit Court.

*S. B. Lowe,* for appellant.

*J. B. Brown* and *W. H. Evarts,* for appellee.

Fox, J.—In this case the appellant filed a complaint in the Lawrence Circuit Court against the appellee, charging substantially as follows : That on the 4th day of April, 1891, Nancy Tow filed an affidavit against "William H. Tow, by the name of Henry Tow," for "surety of the peace" before

one William B. Chrisler, a justice of the peace; that a warrant was duly issued to the proper officer; that the said Tow was promptly arrested and brought before said justice; that when so brought before said justice, said Tow "waived a preliminary hearing, and gave bond for his appearance at the April term of the Lawrence Circuit Court;" that on the 6th day of April, 1891, the cause was tried before the court without a jury; that the court found against the defendant and required him to enter into a bond "in the sum of five hundred dollars, conditioned that he would keep the peace for one year, generally, toward all the inhabitants of the State of Indiana, and expressly towards the said Nancy Tow," with one John Kean as his surety; which bond was duly executed, filed, approved and recorded as required by law; that on the 13th day of June, 1891, said Tow, in violation of the condition of said bond, committed an assault and battery on one William Miller, an inhabitant of the county of Lawrence; that upon a plea of guilty he was convicted and fined for such assault and battery before a justice of the peace of said county; that for this breach of said bond this suit was brought.

The appellee filed a general denial to the complaint, and upon the issue thus joined the cause was tried by the court without a jury, resulting in a judgment for the appellee.

A motion for a new trial was filed by the appellant for the following reasons:

1. The decision of the court is contrary to the evidence.

2. The decision of the court is contrary to law. The motion for a new trial was overruled.

The evidence is made a part of the record by a bill of exceptions.

The points in controversy arise concerning the regularity of the proceedings had before the justice of the peace concerning the affidavit filed against Tow, and afterwards in the proceedings had in the circuit court at the trial when he

was required to give the bond upon which this action was founded.

It appears from the record of the justice that when Tow was arrested and brought into court, he " waived a preliminary examination," and was thereupon, by the justice, bound over to appear at the next ensuing term of the Lawrence Circuit Court in a bond of $500, which he gave without objection.

Counsel for appellee insist in argument that the proceedings before the justice were a nullity for the reason that there was not a compliance with the provisions of section 1609 of the Revised Statutes 1881. This section proceeds as follows :

" 1609. The issue to be tried in such case shall be, whether the complaining witness has just cause to entertain the fears expressed in his affidavit ; which issue shall be tried and determined by the justice or jury."

Section 1610 provides, substantially, that if the justice or jury shall find that the affiant has just cause to entertain the fears expressed in the affidavit, then the person complained of shall enter into a bond to appear " before the circuit court on the first day of the next term thereof, and to keep the peace meanwhile toward the person named in the affidavit and all the inhabitants of the State."

Circuit courts in this State do not have original jurisdiction in prosecutions for surety of the peace. Such a proceeding must be commenced before a justice of the peace. *State* v. *Cooper,* 90 Ind. 575. The jurisdiction of a justice, however, is confined to a preliminary hearing of the case. He has no power to render a final judgment. His mission is to ascertain whether, in his judgment, " there is just grounds to entertain the fear expressed in the affidavit." This being so, the only power he has is to recognize the person charged to appear at the next term of the circuit court, and to keep the peace in the meantime. When the appellee, Tow, was arrested and brought before the justice he was within the proper jurisdiction. It was within his power to

deny the charge made against him, and demand a trial by the justice or a jury at his election, and it would have been the duty of the justice to so have tried him. But instead of doing this he expressly waived a trial. This waiver was equivalent to a confession that "there was just grounds to entertain the fears expressed in the affidavit." It seems absurd to say that he, after voluntarily confessing the truth of the things charged against him, will be heard to complain because he was not tried in order that the "justice or jury" might ascertain whether the things he had confessed were true or not. The law is not so inconsistent in its philosophy. After the defendant waived a trial, the justice committed no error in requiring him to enter in such a bond as the statute requires in such cases.

Tow appeared in the circuit court as required by the terms of his bond, and submitted his case for trial to the court without a jury. Upon the trial, after hearing the evidence, the record shows that the court adjudged as follows:

"The court, being fully advised in the premises, finds for the plaintiff, and against the defendant, and that he is guilty as charged. And said defendant is now ordered to enter into a bond in the penal sum of five hundred dollars additional that he will keep the peace towards all the citizens of the State of Indiana, and especially towards the prosecuting witness herein, Nancy Jane Tow, for the period of one year hereafter, and that he file a bond within ten days from this date, and that he pay the cost of the proceeding herein."

Counsel for appellee strenuously insist that this finding and judgment is uncertain, irregular and void; that it does not respond to the issue in the cause, nor comply with the provisions of section 1612, R. S. 1881, and the court below evidently took this view of the matter.

Section 1612, among other things, provides as follows:

"If the finding of the court be against the defendant on the issue as to whether the complaining witness had just

cause to entertain the fears expressed in his affidavit when the same was filed before the justice, the court shall require of such defendant recognizance, with freehold surety, that he will keep the peace and be of good behavior generally, and especially toward the person named in the affidavit, for such length of time as the court may direct."

. Under this section the court is not authorized to inflict any immediate punishment upon the defendant. He can only be required to furnish a proper guaranty for good behavior for a determinate period. In *Murray* v. *State*, 26 Ind. 141, it is said, that in a proceeding for a surety of the peace, " The question of the guilt or innocence of the defendant is not involved. * * * Although this is a criminal proceeding, it is not a prosecution for crime committed, but a proceeding to prevent the commission thereof." See, also, *State* v. *Cooper, supra; Arnold* v. *State*, 92 Ind. 187; *Fisher* v. *Hamilton*, 49 Ind. 341. The provision of the Constitution that no person shall be twice in jeopardy for the same crime does not apply. *State* v. *Van Kirk*, 27 Ind. 121. The issue to be tried in such a case is not the guilt or innocence of the defendant, but whether the complaining witness has just cause to entertain the fears expressed in his affidavit. *Murray* v. *State, supra ; Stone* v. *State, ex rel.,* 97 Ind. 345.

The judgment rendered by the court is defective and irregular, and can not be commended as a model, but must it yield when challenged in a collateral proceeding. "A judgment is the decision of a controversy, given by a court of justice, between parties who do not agree. * * * The use is not so strict and uniform as to justify us in holding that the judicial sentence of the court may not sometimes be designated by a different term than judgment. *Cooper* v. *Metzger*, 74 Ind. 544. " The doctrine of all the courts of this country, is firmly established, that if the court in which the proceedings took place had jurisdiction to render the judgment which it did, no error in its proceedings which did not

affect the jurisdiction will render the proceedings void, nor can such error be considered when the judgment is brought collaterally into question." The rule against collateral impeachment applies to every judgment, order, decree, * * or judicial proceeding, of whatever species, that is not absolutely void." 1 Black Judgments, sections 245, 246; see also *Hall* v. *Durham*, 109 Ind. 434; *Jarboe* v. *Severin*, 112 Ind. 572; *Cassady* v. *Mill*, 106 Ind. 69; *State, ex rel.*, v. *Morris*, 103 Ind. 161; *Lantz* v. *Maffett*, 102 Ind. 23.

Objections to the form of a judgment should be first made in the court when it is rendered in order that the same may be modified or corrected as required. If this is not done, the parties thereto can not afterwards complain. *Quill* v. *Gallivan*, 108 Ind. 235; *Walter* v. *Walter*, 117 Ind. 247; *People's Savings, etc., Ass'n* v. *Spears*, 115 Ind. 297; *Teal* v. *Spangler*, 72 Ind. 380; *Johnson* v. *Prime*, 55 Ind. 351.

If the entry of a judgment is so obscure as not to express the final determination of the court with sufficient accuracy reference may, and indeed should, be had to the pleadings, and the entry made when construing the judgment. *Fleenor* v. *Driskill*, 97 Ind. 27.

" Some confusion has been brought into the cases by the use of the terms *void* and *voidable,* as applied to judgments. Judgments are frequently spoken of as void, because they may be so declared in a proper proceeding. The general and correct rule * * is, that a judgment by a court of competent jurisdiction is not void, unless the thing lacking making it so, is apparent upon the face of the record. If the infirmity does not so appear, the judgment is not void, but voidable." *Smith* v. *Hess*, 91 Ind. 424; *Earle* v. *Earle*, 91 Ind. 42. An irregular judgment can not be attacked collaterally. "An irregular judgment is one which is rendered contrary to the course of law and the practice of the courts." 1 Black Judgments, section 170.

The judgment of a court is the conclusion of its judge or judges, and the record thereof is the evidence of it. The one

is a mental conclusion, the other is a clerical act. A record, as the evidence of a judgment, although irregular and defective in form, will be sufficient to withstand a collateral attack if it shows a determination of the matter in controversy. "It may therefore be stated as the modern rule, that the *form* of the judgment is not very material, provided that in substance it shows distinctly nd not inferentially that the matter had been determined ii favor of one of the litigants, or that the rights of the parties in litigation had been adjudicated." 1 Black Judgments, section 115.

We are referred to the case of *Long* v. *State, ex rel.*, 10 Ind. 353. In this case there was a trial by a jury. A verdict was returned in the following words : "We the jury find the defendant guilty." The Supreme Court held, upon appeal, that the verdict was too indefinite, and did not respond to the issues, and so the case was reversed, where the objection was made in the proper court. If no objection had been made to the verdict and judgment, but instead the defendant had submitted thereto, and then afterwards sought to attack the judgment in a collateral proceeding, a very different question would have been presented. In the case before us the court found the defendant "guilty as charged in the affidavit," and ordered him to enter into a bond to keep the peace "for the period of one year." To this the appellee made no objection ; he took no appeal, but instead he submitted to the order of the court, and executed a bond as required, and afterwards voluntarily committed a breach thereof. By acquiescing in and performing the order of the court, he waived all objection thereto, and having done so he must now abide the result. In a criminal case, where a defendant is convicted upon a defective affidavit or indictment, and submits to the penalty inflicted, the State is bound, and the defendant protected from further prosecution. *Fritz* v. *State*, 40 Ind. 18 ; *Com.* v. *Loud*, 3 Met. 328.

It will be presumed that the defendant, at the time he obeyed the mandate of the court and executed the bond, had

knowledge of the finding and judgment of the court. If they were defective and informal, he should have objected to them, and if necessary moved that the same be corrected or modified as might be required. Instead of doing this he acquiesced in the findings, and performed the order of the court. The affidavit filed against the appellee charged that the complaining witness had just cause to fear, and did fear, that he would do her personal injury. When the court found that he was "guilty as charged in the affidavit," he certainly understood that the finding was adverse to him, and equivalent to finding that the things charged in the affidavit were true. He was not deceived or misled. He also knew that if the court found the charge in the affidavit to be true, he would be required to give a bond for good behavior, as provided in the statute; that this was the purpose and object of the suit. When he executed the bond he complied with the order of the court, and satisfied the judgment as completely as he would have done by payment if the judgment had been for money only. Having satisfied the order and judgment of the court by executing the bond in question without objection, he was bound by its conditions. When he committed a breach of the bond by voluntarily assaulting a citizen of his county, the State had a right to demand the penalty of the bond.

In looking through the record we find that a number of objections were made by the learned counsel for the appellee to the introduction of testimony, but they are not presented for our consideration.

The judgment of the court below is reversed at the cost of the appellees, with instructions to the court to sustain the motion for a new trial.

Filed Oct. 11, 1892.