# Richmond.

## LILLIENFELD v. COMMONWEALTH.

### JANUARY 23, 1896.

1. COURT OF APPEALS—*Transfer of Cases—Section 3093 of Code.*—Under the provisions of section 3093 of the Code, the Court of Appeals has the right, when sitting at one of its places of session, to transfer to such place of session any case pending at one of its other places of session.

2. REVOCATION OF LIQUOR LICENSE—*Notice.*—In a proceeding under section 560 of the Code, to revoke a license to sell liquor, the notice is sufficient if it states the charges in general terms: provided they are stated with sufficient certainty to enable the person whose license is sought to be revoked to understand the ground upon which the revocation will be asked. The proceeding is a summary one, and such strict and technical rules as are applied to indictments and other forms of accusation in criminal prosecutions will not be required. A notice is sufficient which states the charge as " selling, and causing to be sold, to minors, whiskey, wine, and beer."

3. REVOCATION OF LIQUOR LICENSE—*Evidence—Indictments for Selling to Minors—Sale to Minors Prior to Date of Existing License—Supervision of Bar-Tenders.*—In a proceeding under section 560 of the Code, to revoke a license to sell whiskey, on the charge that defendant had been guilty of selling liquor to minors, it is competent to offer in evidence a number of indictments found in the same court against the same defendant for selling liquor to minors, and also to receive the evidence of a minor that, within twelve months prior to the time when the license sought to be revoked took effect, the said minor had purchased intoxicating liquors of the defendant. The whole matter being heard and determined by the court, it is not confined to the strict rules of evidence which obtain upon the trial of an issue before a jury, but great latitude is allowed the court, in order that it may be satisfied whether or not it has entrusted the sale of liquor to an unfit person, or whether the privilege granted has been abused. In the case at bar it appeared that liquor had been sold to minors in a number of instances, and, if the defendant had not sold it, he had not exercised due oversight and vigilance to see that it was not sold by his bar-tender, and his license was properly revoked.

Opinion.

Error to a judgment of the Corporation Court of Charlottesville, rendered at its September term, 1895.

*Affirmed.*

At the September term, 1895, of the Corporation Court of the city of Charlottesville, nineteen indictments were found against the defendant in error for selling liquor to minors; and thereupon the court ordered "that a notice be issued against F. J. Lillienfeld to show cause, if any he can, why the bar-room and retail liquor license under which he is now doing business should not be revoked for selling, and causing to be sold, to minors, whiskey, wine, and beer." A copy of this notice was served on the defendant, and he appeared and made defence. Upon the hearing the court revoked the defendant's license, and he applied for, and obtained, a writ of error from this court. The other facts sufficiently appear in the opinion of the court.

*Daniel Harmon*, for the plaintiff in error.

*Attorney-General R. Taylor Scott*, for the Commonwealth.

RIELY, J., delivered the opinion of the court.

As preliminary to the hearing of this case, the question was raised at the bar as to the right of the court to transfer the case, which was pending at the place of session of the court at Staunton, to its place of session at Richmond, to be there heard and determined. Section 3093 of the Code provides that, " by consent of the parties, or their counsel, or for reasons appearing to the court, any case pending in said court at one place of session may be transferred to another place of session, there to be heard and determined, or, if already heard, there to be determined, as if it had been originally

docketed there." The plain interpretation of the statute gives the court the right, when it is sitting at one of its places of session, to transfer to such place of session, as was done in this instance, any case pending at one of its other places of session. This was the construction put upon the statute by this court, after argument and mature consideration, when, during its session at Wytheville, it transferred from Richmond to that place, and thence to Staunton, to be heard and determined, the case of *Gibert* v. *W. C., V. M. & G. S. R. Co.*, reported in 33 Gratt. 586, as appears from its order entered of record on the 4th day of August, 1880, at its place of session at Wytheville. And the like action was taken on November 6th, 1891, when, during its session at Richmond, it transferred there the case of the *Virginia, Tennessee, and Carolina Steel and Iron Company* v. *Jonas Wilder et als.*, which was pending in the court at its place of session at Wytheville.

The proceeding to revoke the license of the plaintiff in error to sell liquor was taken by the court, of its own motion, under section 560 of the Code, which is as follows:

" Upon the motion of the attorney for the Commonwealth for the county or city, or of any other person, after ten days' notice to any person or firm licensed to sell liquors or any other thing, the granting of whose license was based upon the certificate of a court, the court which granted the certificate may revoke the license."

And the order of the court initiating the proceeding was in the following words:

" It is ordered by the court that a notice be issued against F. J. Lillienfeld to show cause, if any he can, why the bar-room and retail liquor license under which he is doing business should not be revoked for selling, and causing to be sold, to minors, whiskey, wine, and beer."

Upon the hearing of the matter, Lillienfeld, by his counsel,

moved the court to quash the notice, upon the ground that it was not sufficiently specific; which motion the court over-ruled; and this constitutes the first assignment of error.

The order of the court, which was duly served upon the defendant, set forth plainly the ground of the proceeding, the sale of liquor to minors. It apprised him of the charge against his conduct of the business under his license. The statute does not provide, in terms, that the grounds, upon which the revocation of the license is, or will be, asked, shall be set forth in the notice or otherwise. It is sufficient to state the charge, or charges, in general terms, if stated with sufficient certainty to enable the person or firm, whose license it is sought to revoke, to understand the ground upon which the revocation will be asked. This was done in this case. The proceeding is a summary one; and, as was said by Judge Lewis, in *Cherry* v. *Commonwealth*, 78 Va. 375, 378, " it was manifestly not the intention of the Legislature to require in such proceedings the application of the strict and technical rules which apply to indictments and other forms of accusation in criminal prosecutions." There is no substantial difference between the notice given in this case and the notice given in the case of *Cherry* v. *Commonwealth*, *supra*, or in the case of *Davis* v. *Commonwealth*, 75 Va. 944, in both of which cases the notice was held to be sufficient.

It is also alleged as error that the court admitted as evidence, over the objection of the defendant, nineteen indictments which had been found against him by its grand jury for selling liquor to minors, and were then pending in the court for trial; and also in receiving the testimony of Charles Wilkins, that he had purchased intoxicating liquors of the defendant at his bar-room within the preceding twelve months, but prior to May 1, 1895, when his license took effect.

In this there was no error. In a proceeding of this kind the whole matter is heard and determined by the court, and it is

not confined to the strict rules of evidence which obtain upon the trial of an issue before a jury, but the doors of evidence are, and should be, thrown open, that the court may be satisfied whether or not it has entrusted the sale of liquor to an unfit person, and the privilege of the license been abused, or the law violated. The relevancy and materiality of the evidence, and the weight to be given to it, are matters for the consideration of the court when it comes to determine the case. Even in certain criminal prosecutions, involving the life or liberty of the accused, whenever the intent or guilty knowledge is a material ingredient in the issue of the case, evidence of other acts of the accused of a similar nature, tending to establish such intent or knowledge, are admissible as evidence, if not too far removed; and what are the limits as to the time and circumstances is for the court, in its discretion, to determine. *Trogden's Case*, 31 Gratt. 863.

Upon a review of the whole evidence, as certified by the court, we are of opinion that the discretion of the court was properly exercised in revoking the license of the plaintiff in error. When the license was granted, he, along with the other applicants for liquor license, was notified and warned by the court that, if he sold or allowed liquor to be unlawfully sold to minors, his license would be revoked. The evidence discloses that liquor was sold to minors in his bar-room in a number of instances, and, if he did not himself sell it, he did not exercise due oversight and vigilance to see that it was not done by his bar-tender. It further appears that even after the large batch of indictments for selling liquor to minors had been found against him, he still retained as his bar-tender the man who is proved to have freely and without inquiry sold liquor to minors. The protection of minors against the terrible evils which ensue from contracting in early life the habit of indulgence in strong drink, and the happiness of parents, as well as the good of society in gene-

ral, require that this dangerous traffic in ardent spirits should be carefully guarded, and not placed or suffered to remain in the hands of men who will disregard the law, or allow it to be disregarded by their employees, or knowingly retain in their service, as bar-tenders, persons who violate the law.

Under a consideration of the whole case, the court is of opinion that the Corporation Court did not err in revoking the license of the plaintiff in error, and that its judgment should be affirmed.

*Affirmed.*