STATE v. A. POWELL WALKER.

*Appeal—Peace Warrant.*

1. No appeal lies from the order of a justice of the peace, requiring the defendant in a peace warrant to enter into a recognizance to keep the peace.
2. In such case, upon appeal to the Superior Court, that Court has no power to discharge the defendant, but should dismiss the appeal.

(*State* v. *Lyon,* 93 N. C., 575, cited and approved).

MOTION to dismiss an appeal from a justice, ordering the defendant to enter in recognizances to keep the peace, heard before *Graves, Judge,* at Spring Term, 1884, of the Superior Court of BUNCOMBE county.

In a peace warrant proceeding before a justice of the peace, the latter made an order requiring the defendant, with sureties, to enter into a recognizance in the sum of $200, conditioned that he would keep the peace, be of good behavior, &c. From this order he appealed to the Superior Court. In that Court, the Solicitor for the State moved to dismiss the appeal, which motion was over-ruled. The solicitor then suggested that the prosecutor did not desire that the recognizance should be renewed or continued. Thereupon, the Court gave judgment, that the defendant be discharged upon the payment of costs, from which judgment he appealed to this Court.

*Mr. John Devereux, Jr.*, for the State.*
No counsel for the defendant.

MERRIMON, J. (after stating the facts). This case is substantially like that of *State* v. *Lyon*, 93 N. C., 575. No appeal lay from the order of the justice of the peace, requiring the defendant with sureties to enter into recognizance to keep the peace. The Court ought, therefore, to have granted the motion to dismiss the supposed appeal. It ought not to have made the order discharging the defendant, because the proceeding was not in the Superior Court. It remained before the justice of the peace to be proceeded in according to law.

The order discharging the defendant must be reversed, and an order entered dismissing the supposed appeal.

To that end let this opinion be certified to the Superior Court. *It is so ordered.*

Error.                                                    Reversed.

* The Attorney General, before his election, having been of counsel for the defendant, the Court called on Mr. Devereux to argue the case for the State.