*In the matter of the Petition of* CHARLES AND GEORGE
MITCHELL *for a writ of Habeas Corpus.*

COSTS *in Criminal Cases — Enforcement of Payment.* The district court
has no authority to enforce by imprisonment the payment of costs
adjudged against the defendant in a proceeding to prevent the com-
mission of an offense.

### *Original Proceedings in Habeas Corpus.*

THE case is sufficiently stated in the opinion, filed at the ses-
sion of the court in July, 1888.

*Thompson & Midgley,* for petitioners.

*D. C. Chipman,* county attorney, *contra.*

The opinion of the court was delivered by

JOHNSTON, J.: On February 6, 1888, Charles Mitchell and
George Mitchell were arrested and brought before R. L. Hill-
man, a justice of the peace of the city of Minneapolis, upon
a complaint that they had threatened to shoot and kill one
Clyde Caldwell. A hearing was had and they were each re-
quired by the justice of the peace to enter into a recognizance
to appear before the district court at the next term, and in the
meantime to keep the peace toward the people of the state,
and particularly toward the complainant. The recognizances
were given, and at the May term, 1888, the defendants ap-
peared and a hearing was had, and upon such hearing the
district court discharged the recognizances which they had
given, and adjudged that they pay all the costs of the pro-
ceeding and stand committed to the county jail until the
costs were paid. Failing to pay the costs, they were committed,
and they seek relief from this imprisonment by the writ of
*habeas corpus.*

The question we are to decide is, whether the district court
had authority to order the imprisonment of the petitioners for
failure to pay costs. The order was made in a peace proceed-
ing, brought under article 2 of the criminal code. In § 16

of that article, the duty and power of the court upon such a hearing are stated.   It is to examine the evidence produced, and either discharge the recognizance taken, or require a new recognizance, and the court may adjudge the costs according to its discretion.   No authority is here given to enforce the payment of costs by imprisonment, and certainly no such authority can be exercised unless it is clearly conferred by statute.   The only provision suggested as furnishing authority to enforce the payment of costs by imprisonment is § 251 of the criminal code, which provides that "when the defendant is adjudged to pay any fine and costs, the court shall order him to be committed to the jail of the county until the same are paid."   This section is found among the provisions relating to the prosecution and conviction of persons charged with the commission of an offense, and has no reference to a proceeding to prevent persons from committing an offense.   The power there given can be exercised where there has been a conviction and the defendant has been adjudged to pay a "fine and costs;" but in a proceeding to prevent the commission of an offense, no conviction is had and no fine can be imposed, and hence the section quoted does not apply nor furnish any authority for the order of imprisonment. (*The State v. Menhart*, 9 Kas. 98; *The State v. Dean*, 24 id. 53.)

We conclude that the district court exceeded its authority in adjudging that the petitioners be committed to the county jail for the non-payment of costs, and they must therefore be released.

All the Justices concurring.