# Howard *v.* The State.

*Indictment for Resisting Arrest.*

1. *General description of process sufficient in indictmnt for resisting arrest.*—In an indictment for resisting arrest attempted to be made by a constable, or special constable, or one acting under the direction of a constable, under a warrant issued by a justice of the peace, a general description of the process is sufficient. Code, § 5463.

2. *Warrant of arrest when void.*—A warrant or writ of arrest which charges a person with the offense of "threatened a breach of the peace" is void; and the person against whom it is issued is under no legal duty to submit to án arrest.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

Jack Howard was indicted and convicted of resisting an officer in attempting to arrest him under a warrant or writ of arrest issued by a justice of the peace. The opinion states the case.

HILL & HILL, for appellant, cited, *Brown v. State,* 109 Ala. 87; *Noles v. State,* 24 Ala. 672; *Withers v. State,* 23 So. Rep., 147; *Crumpton v. Newman,* 12 Ala. 199; *Duckworth v. Johnson,* 7 Ala. 578.

CHAS. G. BROWN, Attorney General, for the State, cited, Am. & Eng. Ency. of Law, Breach of Peace, pp. 513-519; 2 McClain's Crim. Law, Sec. 1012; *Spears v. State,* 25 So. Rep., 43.

TYSON, J.—The indictment contained three counts. Two of them were framed under section 5463 of the Code and the other under section 5466. Each count was de-

murred to.    The assignments of the demurrer raised the
question that the warrant or writ of arrest was not suf-
ficiently described.    The contention was insisted upon
that the indictment should have averred the offense
mentioned in the warrant or writ of arrest, its date of
issuance and the name of the person for whom issued.

No such particularity is prescribed by the form for
the indictment under section 5463, in fact it is there ex-
pressly declared that describing the process generally is
sufficient.    Form 73, p. 334, of Code.

No form is found for indictments under section 5466.
The count in the indictment under consideration follows
the language of this section and no more particularity in
the description of the warrant or writ of arrest is re-
quired in an indictment under this section than is re-
quired under section 5463.    There was no error in over-
ruling the demurrer.

The warrant or writ of arrest introduced in evidence
against the objection of defendant describes the offense
as "threatened a breach of peace."    There were several
objections urged against its introduction in evidence.
Those worthy of consideration may be stated to be, that
it was void upon its face in that it charged no offense
known to the law and that the justice of the peace issu-
ing it had no jurisdiction to do so.

Section 5162 of the Code authorizes the institution of
proceedings before magistrates to keep the peace.    The
purpose of the statute is to prevent the commission of an
offense against the person or property of another, and to
this end a warrant may issue for the arrest of the person
who has threatened or is about to commit, an offense on
the person or property of another and if there is just
reason to fear the commission of such offense, the de-
fendant must be required to give security to keep the
peace, etc.    Sections 5163 and 5168.    It is a preventive
measure which the magistrate is authorized to set in mo-
tion to restrain the defendant from the commission of
an offense against the person or property of another,
and not a proceeding to try the person charged with the
commission of a criminal offense.    To threaten an of-
fense on the person or property of another is not an
offense against the law for which a person may be pun-

[Howard v. The State.]

ished. At most, as we have said, he may be restrained from so doing by proper proceedings, but not punished by fine or imprisonment. True, should the defendant fail to give the security required by the magistrate, it is the duty of the magistrate to commit him to jail until he enters into the undertaking with sufficient sureties for the time he is required to keep the peace, not more than twelve nor less than six months. But this commitment to jail is predicated upon his failure or refusal to give the security required by the order of the magistrate, and not as the punishment for the commission of an offense.

The warrant issued for the arrest of the defendant in the case under consideration was in these words: "Complaint on oath having been made before me that the offense of threatening breach of peace has been committed in said county and charging Jack Howard with the commission of said offense, you are therefore commanded to arrest said Jack Howard and bring him before me instanter."

The gist of this warrant is that the defendant had committed the offense of threatening a breach of the peace. This is emphasized by the language following, "charging Jack Howard with the commission of said offense." Howard had committed no offense, as shown by the language in the warrant. Had the warrant read that he has threatened an offense on the person or property of another, he would have been apprised that he was required to appear for the purpose of having the question adjudged as to whether or not he would have to give security to keep the peace, and that he was not charged with a criminal offense. When this warrant was shown him or read to him, he doubtless believed and had a right to believe, nor was there a clear inference deducible from the language to the contrary, that the attempt to arrest him was for an offense for which he was to be punished, which designated offense was unknown to the law and not punishable.

The warrant was void upon its face and the defendant was under no legal duty to submit to an arrest. *Notes v. The State*, 24 'Ala. 672.

This renders it unnecessary to review the other questions raised in the record.

[Taylor v. The State.]

The judgment of conviction must be annulled and reversed and the cause remanded.

Reversed and remanded.