STATE ex rel. WILLIAM BESLOW v. WILLIAM C. SARGENT.

November 15, 1898.

Nos. 11,277—(184).

**Prevention of Crime—G. S. 1894, c. 104—Recognizance to Keep the Peace—Jurisdiction of Justice—Const. art. 6, § 8—Imprisonment —Costs of Prosecution.**

Where proceedings are instituted under G. S. 1894, c. 104, providing for "proceedings to prevent the commission of crimes," and it appears upon examination by the justice that there is just cause to fear that the offense threatened will be committed by the party complained of, and he refuses or neglects to enter into a recognizance, with sufficient sureties, in such sum as the magistrate directs, to keep the peace towards all the people of this state, and especially towards the person requiring such security, for such term as the magistrate orders, not exceeding six months, then the magistrate may commit him to the county jail during the period for which he was required to give security, or until he so recognizes. Section 8 of article 6 of the constitution, limiting the jurisdiction of justices of the peace to punishment in a criminal cause not exceeding three months, or a fine of over $100, has no application to proceedings of this kind. It restricts and limits the punishment for a past offense, but the proceedings under G. S. 1894, c. 104, are calculated and instituted for the purpose of depriving the defendant of the power to do future mischief or crime, and secure his good behavior. And, under section 7099 of said statutes, where in such proceeding a person is required to give security to keep the peace, or for his good behavior, the magistrate may order the costs of prosecution to be paid by such person, and order him to stand committed until such costs are paid, or he is otherwise legally discharged.

Habeas corpus. From an order of the district court for St. Louis county, Ensign, J., quashing the writ and remanding the relator to the custody of the keeper of the common jail of said county, relator appealed. Affirmed.

*Rustgard, Whitely & Marshall,* for appellant.

*Geo. E. Arbury,* County Attorney, for respondent.

BUCK, J.

The relator was arrested upon a warrant issued by the municipal court of the city of Virginia, in the County of St. Louis, July 19,

1898, based upon a complaint in writing made on oath before a judge of said court, and the warrant issued upon the filing of said complaint. It was charged in said complaint and warrant that on said day, in said city and county, the defendant, Beslow, threatened to kill one Flora Beslow, and to do her great bodily harm, and that she had good cause to fear that said William Beslow would kill her.

The proceedings were instituted under G. S. 1894, c. 104, authorizing proceedings to prevent the commission of crimes. Upon the examination of the defendant upon said charge, it appeared to the court that there was just cause to fear that such offense would be committed by the said William Beslow; and thereupon said court ordered him to enter into a recognizance, with sufficient sureties, in the sum of $400, to keep the peace towards all the people of this state and especially towards the said Flora Beslow, for the term of six months, and to pay the sum of $5.45, the cost of the prosecution. William Beslow refused to comply with the order, and was committed to the custody of the sheriff of said county, in the jail thereof, with instructions in said order to the said sheriff safely to keep Beslow in said jail for the term of six months from the date of said order, or until he so recognized as aforesaid and paid the said costs, or until he was then discharged by due course of law.

Beslow, still refusing to comply with said order, petitioned the district court of St. Louis county for a writ of habeas corpus, which was granted, and the sheriff of said county directed to produce the body of said Beslow, which was accordingly done; and, after due return was thereto made, the cause was heard by the court, and the writ of habeas corpus quashed, and the petitioner forthwith remanded to the custody of the keeper of the common jail of said county; and from the order so made the petitioner appeals to this court.

The grounds of appeal are: (1) That, under the constitution (article 6, § 8), the court, having only the jurisdiction of a justice of the peace, could not legally commit the relator to the common jail of the county for a period of more than three months; (2) that the court could not commit the relator, for the period of six months, or any other period, for the nonpayment of the costs of prosecution.

The counsel for the relator misapprehends the grounds upon which this proceeding was instituted. It was not punitive justice that was sought to be enforced or imposed upon the relator. The proceeding was one intended and calculated to prevent future crime, not one intended to expiate or punish for a past offense. He threatened to commit a serious crime against society, as well as against the person of Flora Beslow. This proceeding was instituted for the purpose of depriving him of the power to do this future mischief or crime, and to secure his good behavior. Threats to commit an offense are offenses of themselves, but criminal prosecutions are sometimes attended with harsh circumstances and results seemingly necessary, and Blackstone lays down the rule that preventive justice is preferable to punitive justice. In the chapter upon "Means of Preventing Offenses," he uses this language:

"Preventive justice, upon every principle of reason, of humanity and of sound policy, is preferable to punitive justice, the execution of which is always attended with harsh circumstances. Preventive justice consists in obliging those persons, whom there is a probable ground to suspect of future misbehavior, to stipulate with, and to give full assurance to, the public, that such offense shall not happen, by finding pledges or securities for keeping the peace, or for their good behavior." Browne's Bl. Com. bk. 4, c. 28, p. 668.

This was the rule at common law, and, to this end, whenever a private person had just cause to fear that another would do him injury, he might demand surety of the peace against such person, on making oath that he was actually under fear of death or bodily harm, and showing just cause for such apprehension, and that he was not doing this out of malice or mere vexation; and this was termed "swearing the peace" against another. This rule of the common law has been substantially incorporated into our statutes, in chapter 104, to which we have already referred. G. S. 1894, § 7096, reads as follows:

"If, upon examination, it appears there is just cause to fear that any such offense will be committed by the party complained of, he shall be required to. enter into a recognizance, and with sufficient sureties, in such sum as the magistrate directs, to keep the peace toward all the people of this state, and especially toward the persons requiring such security, for such term as the magistrate orders,

not exceeding six months; but he shall not be ordered to recognize for his appearance at the district court, unless he is charged with some offense for which he ought to be held to answer at said court. Upon complying with the order of the magistrate, the party complained of shall be discharged."

Now, it is immaterial by what technical name this proceeding is designated. It is not a criminal trial, in the sense that a justice of the peace is without jurisdiction to hear the complaint, issue a warrant, hear the charge that the defendant had made threats to kill or do bodily harm, require him to enter into a recognizance if the charge is proven, and, if the defendant neglects or refuses to comply with such order, then commit him to the county jail during the period for which he was required to give security, or until he so recognizes; stating in the warrant the cause of the commitment, with the sum and time for which security was required. Of course, under the statute, the time of commitment cannot exceed six months. In this class of cases there can be no trial by jury, and no final adjudication for a past offense, but simply an order that defendant will enter into a proper recognizance that he will not commit the offense charged in the complaint, or, in case of default in so doing, then that he stand committed to the county jail. It is evident that the constitution (article 6, § 8), which provides that the justice shall not have jurisdiction in a criminal cause where the punishment shall exceed three months, or a fine of over $100, has no application to a proceeding of this kind.

The other point raised by the relator is that the court ordered him to pay the costs of the prosecution, viz. $5.45, and in the commitment ordered the keeper of the jail to keep the relator therein until he recognized and paid said costs. This matter is regulated by statute. G. S. 1894, § 7099, provides that

"In all cases where a person is required to give security to keep the peace, or for his good behavior, the magistrate may further order the costs of prosecution, or any part thereof, to be paid by such person, who shall stand committed until such costs are paid, or he is otherwise legally discharged."

This section is decisive of the question, and needs no argument to show its application or binding force.

No other questions are raised or argued in the relator's brief, and the result is that the order of the district court is affirmed.