LEE FORD v. STATE OF MISSISSIPPI.

[50 South. 497.]

BREACH OF THE PEACE. *Peace bonds. Nature of remedy. Proceedings. Jurisdiction. Appeal. Submission to jury. Harmless error. Code* 1906, § 1548.

Proceedings under Code 1906, § 1548, providing that whenever complaint is made to a justice of the peace charging a person with threatening to commit an offense against the person or property of another, the justice may issue a warrant for the arrest of the accused and may require him to give a peace bond, are:—

(a) In strictness neither civil nor criminal proceedings; but partake so much of the nature of criminal proceedings that jurisdiction will lie in any county, or justice of the peace district, where the threats were made or the hostile action performed; and

(b) The proceedings being preventive, the court should solve reasonable doubts in favor of requiring bond for good behavior; and

(c) In case of appeal to the circuit court from the judgment of the justice of the peace the cause is triable by the circuit judge, without a jury; but

(d) Where on such appeal the case was submitted to a jury and the verdict was adverse to the party charged and the court, the evidence being sufficient to justify it, required bond, the submission of the case to the jury was mere harmless error.

FROM the circuit court of Lee county.

HON. EUGENE O. SYKES, Judge.

Ford, appellant, was required by the circuit court to give a peace bond, and appealed to the supreme court. The facts are fully stated in the opinion of the court.

The Code 1906 sections on the subject of peace bonds are as follows:

1548. (1476) *Peace-bonds; how obtained, inquiry into complaint, condition of bond, etc.*—Whenever complaint is made under oath by a credible person to a justice of the peace that any person has threatened to commit an offense against the person or property of another, and such justice is satisfied that there is good reason to fear the commission of such offense, he may issue a warrant to arrest and bring the person complained of before him or some other justice of the peace; and the justice of the peace before whom such person may be brought shall examine into the charge, and if there be just reason to apprehend that such person will commit the offense, he shall be required by the justice to enter into bond in such sum, with such sureties, and for such time not exceeding twelve months, as the justice may prescribe, conditioned to keep the peace towards the person against whom or whose property there is reason to fear the offense may be committed.

1549. (1477) *The same; who to pay costs.*—If, on examination, it shall not appear that there is just cause to fear that an offense will be committed by the party complained of, he shall be discharged, and the person who made the complaint shall be taxed with the costs, for which execution may be issued; but if it shall appear that the defendant had threatened to commit an offense, or had so acted as to justify the apprehensions of the person complaining that there was danger of the commission of an offense, the party complained of shall be taxed with the costs of the proceeding, although he may not be required to give bond; and, if he shall be required to furnish bond, he shall be taxed with all costs, for which execution may be issued.

1550. (1478) The *same; accused discharged if bond given, if not, committed until, etc.*—If the bond, when required, be given, and the costs be paid, the person shall be discharged from custody, but otherwise he shall be committed to jail until he shall give such bond and pay the costs, or until the expiration of the

time for which he was required to furnish security; and in such case the mittimus must state the cause of the commitment, the amount of bail, and the number of sureties required, the time for which the person is to be bound to keep the peace, and the amount of costs taxed against him. He may at any time procure his discharge by giving the required bond, approved by the sheriff of the county, and paying the costs and the jail-fees accrued, if any.

1551. (1479) *The same; appeal to circuit court and proceedings therein.*—Any person aggrieved by a requirement to give security to keep the peace may, at any time while such requirement is in force, appeal to the circuit court, on his application to the justice of the peace and giving bonds as required, with the further condition in the bond that the appellant shall pay all costs, in case it shall be adjudged against him in the circuit court; and thereupon all the papers in the case shall be returned by the justice of the peace to the office of the clerk of the circuit court, and said court shall examine the case anew, and either approve the bond the party gave or discharge him therefrom, or require him to enter a new one to keep the peace, in such sum and for such time not exceeding twelve months, as the court may prescribe, which judgment shall be enforced by committing the party to jail as in other cases of failure to give bail when required, from which he shall be delivered only by giving the required bail, and paying costs and jail-fees.

*A. T. Stovall,* for appellant.

The appellant, a citizen of Chickasaw county, was ordered by a justice of the peace of Lee county, on complaint made before him, to execute a peace bond. Upon appeal from the judgment of the justice of the peace to the circuit court (as authorized Code 1906, § 1551) that court submitted the question formally at issue to a jury; the jury found against appellant, and the circuit court rendered judgment on the verdict requiring the bond. The question of jurisdiction was duly but un-

successfully raised before the justice of the peace and in the circuit court.

Neither court had jurisdiction and a reversal is asked for that reason. The proceeding was not a criminal, but a civil, one. This was true at common law, 4 Blackstone's Com. 209, 210. It is equally true under our statute, notwithstanding the sections of the Code 1906 relating to peace bonds are found in the chapter on Criminal Procedure. The authorities seem conclusive. 5 Cyc. 1028, 1029 and cases there cited. *Howard v. State* (Ala.), 25 South. 1000, is especially in point. Surely a suit on a peace bond would be a civil and not a criminal one.

Appellant had not committed a crime nor was he charged with one, and of course questions of jurisdiction and venue in criminal cases can have no application to the cause now before the court. The statutes touching the jurisdiction and venue of civil causes all require that a defendant shall be proceeded against in the county of his residence.

Again, the court erred in submitting the case to a jury; a jury is not a proper tribunal to determine the question of giving bond and is unauthorized to approve bonds.

*George Butler,* assistant attorney-general, for appellee.

This court has already decided, inferentially, that the proceeding is a criminal one. *Jones v. State,* 70 Miss. 398. "Application to hold to bail to keep the peace is a criminal proceeding." 3 Ency. P. & P. 231; *Adams v. Ashley,* 2 Bibb (Ky.), 96; *Arnold v. State,* 92 Ind. 187.

Even if the issue was improperly submitted to a jury the error was harmless, since the circuit court approved of the verdict, thus adjudging the sufficiency of the evidence, and required the bond.

MAYES, J., delivered the opinion of the court.

On the 11th day of January, 1909, a proceeding was instituted under section 1548, Code of 1906, by Wiley Jones against

Lee Ford, the object of which was to require Lee Ford to give a bond to keep the peace. The affidavit is in the language of the statute. The proceeding was instituted before a justice of the peace of Lee county, in which county the affiant lived, and it is a conceded fact in the case that Lee Ford lived in Chickasaw county. When the affidavit was made, a warrant was duly issued by a justice of the peace as required by law, and Lee Ford was subsequently arrested under said warrant. A hearing was had before the justice of the peace on the 20th day of January following, and the justice required Ford to give a bond to keep the peace, fixing his bond at the sum of $200. An appeal was taken to the circuit court, and the cause was again heard. It fully appears in the testimony that the threats made by Ford were made at affiant's home in Lee county, and in the justice's district in which the affidavit is made. When the cause came on to be heard, the court impaneled a jury and submitted to them the cause, and, the jury finding defendant guilty as charged, the court placed him under a peace bond in the sum of $200.

There are numerous questions presented in this case—the first being that the court was without jurisdiction to try it, because the affidavit was made in Lee county, whereas it appears that the appellant resided in Chickasaw county; and, second, it is urged that the court had no right to submit the case to be tried by a jury. It is argued by counsel for appellant that the proceeding under Code 1906, § 1548, is not a criminal, but a civil, proceeding, and for that reason jurisdiction only attached in the justice of the peace district in the county of the residence of the defendant. We do not think the contention of counsel as to this is sound. It cannot be said, in strictness, that this is either a civil or a criminal proceeding; but it is more in the nature of a criminal proceeding, and the jurisdiction lies in any county, or justice district, where the party makes the threats, or in which the hostile action occurs leading to the apprehension that the person charged with so doing intends to commit an offense

against the person or property of another. It abundantly appears in this record that the threats were made in Lee county at a time when the appellant was there, that the danger to Lee Ford is threatened in that county, and the jurisdiction was unquestionably in Lee county under the facts of this case.

In the case of *Howard v. State,* 121 Ala. 21, 25 South. 1000, the Alabama court very aptly says, in construing a statute of the state of Alabama similar to the one here, that "the purpose of the statute is to prevent the commission of an offense against the person or property of another, and to this end a warrant may issue for the arrest of the person who has threatened or is about to commit an offense on the person or property of another; and, if there is just reason to fear the commission of such offense, the defendant must be required to give security to keep the peace. It is a preventive measure, which the magistrate is authorized to set in motion to restrain the defendant from the commission of an offense against the person or property of another, and not a proceeding to try the person charged with the commission of a criminal offense. To threaten an offense on the person or property of another is not an offense against the law for which a person may be punished. At most, as we have said, he may be restrained from so doing by proper proceedings, but not punished by fine and imprisonment." This proceeding being a preventive one, the court before whom this proceeding is instituted should require the peace bond to be given in all cases where the evidence leaves any reasonable doubt as to whether or not the party charged under this section will carry his threat into effect.

The rule which should govern courts in a proceeding of this sort is the opposite from that which should control where a party is being tried for a crime. When on trial under a criminal charge all reasonable doubts are to be solved in favor of the accused; but when one is accused under this section, and the court has any reasonable doubt as to whether or not the threats have been made, or the danger to the person or property of another is impending, that doubt should be solved in favor of the preservation of the

peace, and the bond should be required to be given, the amount of the bond to be measured by the gravity of the situation and the condition of the parties. It was never intended, by section 1548, when an appeal was taken to the circuit court, that an issue should be tried by any person other than the judge of the court. It was error for the court to submit the question involved in this case to a jury; but it was not such error as should cause a reversal of the judgment. The section under discussion clearly contemplates that the trial shall be by the judge; but, since the facts of this case fully warranted the court in requiring the bond, and in approving the verdict of the jury the judge necessarily passed on the facts himself, we look to the judgment, rather than the procedure which led up to it, and treat the act of the judge in submitting the matter to the jury, in this character of case, as mere surplusage, and treat the judgment as his judgment. We think the judgment ought to be, and it is *affirmed.*

SMITH, J., delivered the following dissenting opinion.

If the statute contemplates, as my brethren say, and I am inclined to think it does, that causes of this character shall be tried by the judge, without the assistance of a jury, then appellant has not had such a trial as the law contemplates. I cannot assent to the statement that in declining to set the verdict aside the judge necessarily passed on the facts himself. If there is sufficient evidence to support a verdict, the judge, on a motion for a new trial, has nothing to do with the question of the correctness of the verdict; that being a matter wholly within the province of the jury. It may be that he himself would have reached a different conclusion on the facts, but would not be warranted in setting the verdict aside.