## STATE *v.* GOREE.

### [66 South. 986.]

SECURITY TO KEEP THE PEACE. *Affidavit. Venue. Need of remedy.*
  It is not necessary to state the venue in an affidavit before a justice of the peace asking that a party be put under a bond to keep the peace, such a proceeding is, strictly speaking, neither a civil or criminal proceeding, but is designed as a preventative measure to restrain persons from committing offenses against the property or person of others.

APPEAL from the circuit court of Lee county.

HON. CLAUDE CLAYTON, Judge.

*Habeas corpus* by Elmer Goree to procure his release from a commitment for failure to give a bond to keep the peace. From an order releasing the prisoner, the state appeals.

The facts are fully stated in the opinion of the court.

*J. E. Rankin* and *Geo. H. Ethridge,* Assistant Attorney-General for the state.

*Long & Long,* for the appellee.

COOK, J., delivered the opinion of the court.

Elmer Goree, the appellee, was tried before a justice of the peace of Lee county on an affidavit to require him to keep the peace towards one B. C. Dalrymple, which said affidavit reads as follows:

"State of Mississippi, Lee county.

"Before me the undersigned J. P. of said county, B. C. Dalrymple makes oath that Elmer Goree has threatened to kill, and affiant fears that he will carry out his said threat, or do some other injury to his person or property. Wherefore affiant prays that said Elmer Goree may be required to give bond to keep the peace towards him.

B. C. DALRYMPLE.

"Sworn to and subscribed before me this the 27th day of April, 1914.

"E. D. WEEMS, J. P."

The same day the case was tried, and the justice of the peace rendered the following judgment:

"Judgment to Keep the Peace.

"State of Mississippi v. Elmer Goree.

"Affidavit made by B. C. Dalrymple April 27, 1914, warrant same day. The said Elmer Goree brought into court and examined by me, and defendant required to furnish bond for two hundred ($200) dollars to keep the peace, failing to give bond as required and pay all costs, was committed to jail.

"This April 27, 1914.

"E. D. WEEMS, J. P."

The said Elmer Goree refused to give the peace bond, as required by the foregoing judgment, and the justice of the peace issued the following *mittimus:*

"State of Mississippi, County of Lee.

"To the Sheriff of Lee county, Mississippi.

"This is to command you to receive and safely keep in the county jail Elmer Goree, for a period of twelve

months from this day, or until he shall give bond in the sum of two hundred dollars, with sufficient sureties, to be approved by you, to keep the peace for twelve months towards the person and property of B. C. Dalrymple, and pay six dollars and forty cents costs taxed by me, and hereby committed for default by the undersigned justice of the peace of said county.

"Witness my hand, this the 27th day of April, 1914.
"E. D. WEEMS, J. P."

The appellee then sued out a writ of *habeas corpus* before Hon. Claude Clayton, judge of the first circuit court, district of Mississippi. This cause was tried on the 8th day of May, 1914, on petition, service of writ, and answer of the sheriff, G. W. Long. The state introduced the record of the justice court, including the original affidavit, judgment, and *mittimus*. The appellee refused to introduce any testimony, but moved the court to release the prisoner on the ground that the affidavit before the justice of the peace did not state that the threats against B. C. Dalrymple were made in the jurisdiction of the justice of the peace before whom the case was tried. The court refused to allow the state to introduce testimony to show that the threats were made in the jurisdiction of the court, and that the appellee resided in said jurisdiction because the affidavit did not so state. Without further proof the court sustained the motion of the appellee and released him from custody, to which ruling the state excepted.

We think the learned judge erred. It was not necessary to state the venue in the affidavit.

Strictly speaking this sort of proceeding is neither civil nor criminal but is designed as a preventive measure to restrain persons from committing offenses against the person or property of others. *Ford* v. *State*, 96 Miss. 85, 50 So. 497.

*Reversed and remanded.*