ARNOLD J. HERZ, Appellant, v. C. C. HAMILTON, Judge, Appellee.

**BREACH OF THE PEACE:** Security to Keep the Peace—Jury Trial.
1   Proceedings to require security to keep the peace are constitutionally triable without a jury.

**BREACH OF THE PEACE:** Security to Keep the Peace—Appeal. No
2  appeal to the district court lies from an order requiring security to
keep the peace.

*Appeal from Woodbury District Court.*—C. C. HAMILTON,
Judge.

FEBRUARY 12, 1924.

REHEARING DENIED JUNE 28, 1924.

ORIGINAL proceeding in this court in certiorari, to review
the action of the respondent, as judge of the district court, in re-
quiring the petitioner to enter into security to keep the peace.—
*Writ dismissed and proceedings affirmed.*

*Carlos W. Goltz,* for appellant.

*Ben J. Gibson,* Attorney-general, *B. J. Powers,* Assistant
Attorney-general, *O. D. Nickle,* Assistant County Attorney, *O.
T. Naglestad,* County Attorney, and *Kindig, McGill, Stewart &
Hatfield,* for appellee.

FAVILLE, J.—The respondent is one of the judges of the
district court of the fourth judicial district. On or about July
12, 1923, proceedings were instituted before the respondent as
a magistrate, for the purpose of determining whether or not the
petitioner should be required to enter into security to keep the
peace. The petitioner was brought before the respondent in
said matter, and a trial and hearing was had, and the petitioner
was required to enter into a bond to keep the peace, as required
by the statute.

I. Upon the hearing before the respondent, the petitioner,
through his counsel, demanded the right to a trial by jury on
the question as to whether or not he should be placed under
bond to keep the peace. The respondent denied
the demand of the petitioner in this regard.
The proceedings are had under Chapter 4, Title
XXV (Section 5105 *et seq.*), of the Code.

1. BREACH OF THE
  PEACE: security
  to keep the
  peace: jury
  trial.

We recently had this chapter before us for consideration, and reviewed at some length its various provisions, in *Merritt v. Merritt,* 193 Iowa 899. It is unnecessary that we repeat the discussion at this time. As stated in the *Merritt* case, the proceeding is not criminal, but is sometimes referred to as being quasi criminal. In a criminal proceeding, in order to sustain a conviction, the evidence must establish guilt beyond a reasonable doubt. In the proceeding for security to keep the peace, it is only required that, "if there be just reason to fear the commission of the offense," the person complained of shall be required to enter into an undertaking to keep the peace. The difference is manifest. The two proceedings are quite the opposite of each other. One seeks to *punish* crime; the other to *prevent* it. That the proceeding is not criminal, see *Howard v. State,* 121 Ala. 21 (25 So. 1000); *Arnold v. State,* 92 Ind. 187; *State v. Cooper,* 90 Ind. 575; *Ford v. State,* 96 Miss. 85 (50 So. 497); *State v. Sargent,* 74 Minn. 242 (76 N. W. 1129).

The petitioner contends that, inasmuch as the statute makes no provision for a trial by jury in a proceeding of this character, the statute is unconstitutional. The petitioner invokes the provisions of Section 10, Article 1, of the Bill of Rights of the Constitution, which is as follows:

"In all criminal prosecutions, and in cases involving the life or liberty of an individual, the accused shall have a right to a speedy and public trial by an impartial jury; to be informed of the accusation against him; to have a copy of the same when demanded; to be confronted with the witnesses against him; to have compulsory process for his witnesses; and to have the assistance of counsel."

The statute does not run counter to the constitutional provision. It is quite uniformly held that a right to a trial by jury is not infringed by statutes providing for the summary trial without a jury, of small offenses against the state or of violations of municipal ordinances. *State v. Conlin,* 27 Vt. 318; *McInerney v. City of Denver,* 17 Colo. 302 (29 Pac. 516); *Theisen v. McDavid,* 34 Fla. 440 (16 So. 321); *Duffy v. People,* 6 Hill (N. Y.) 75; *State v. Glenn,* 54 Md. 572.

Code Section 4460 *et seq.* provides for punishment for con-

tempt by fine or imprisonment, or both, but makes no provision for a jury trial. In *McDonnell v. Henderson*, 74 Iowa 619, we said:

"Contempt proceedings cannot legally be tried by jury."

In *County of Black Hawk v. Springer*, 58 Iowa 417, a proceeding in lunacy, we said:

"It is contended that, before a person can be adjudged insane, he is entitled to the safeguards provided for in this section. It is clear to us that this provision applies only to criminal prosecutions or accusations for offenses against the criminal law, where it is sought to punish the offender by fine or imprisonment. The inquest of lunacy by a board of commissioners is in no sense a criminal proceeding. The restraint of an insane person is not designed as punishment for any act done."

See, also, *In re Bresee*, 82 Iowa 573.

This proceeding is not for the punishment of any criminal offense. The actual commission of any crime is not essential to an order requiring the giving of security to keep the peace. The binding over by the magistrate is not a punishment, either at common law or under our statute. *Ford v. State*, supra; *Howard v. State*, supra; *Regina v. Rogers*, 7 Mod. 28 (87 Eng. Rep. 1074).

The court did not err in refusing to grant the petitioner a jury trial, nor is the statute under which the proceedings were had unconstitutional because of a failure to provide for such trial.

II. The petitioner demanded that the respondent fix the amount of an appeal bond for an appeal to the district court from the order of the respondent, and predicates error upon the refusal of the respondent so to do.

2. BREACH OF THE PEACE: security to keep the peace: appeal.

There was no error in this action. The statute makes no provision whatever for an appeal to the district court from the order requiring a defendant in such a proceeding to give security to keep the peace. Under the statute, the party is required to give security to keep the peace until the next term of the district court. The legislature evidently was aware of the incongruity of a situation that would permit an appeal to the district court from an order requiring

the party to keep the peace only until the district court convenes. No provision for appeal is made in the statute, and under such circumstances no appeal lies. *State v. Lyon,* 93 N. C. 575; *State v. Long,* 18 Ind. 438; *State v. Walker,* 94 N. C. 857; *Lowe v. Commonwealth,* 129 Ky. 565 (112 S. W. 647); *People v. Boyle,* 2 N. Y. Cr. 54.

We have examined the record with care, and find no error therein. The writ of certiorari is, therefore, ordered dismissed, and the proceedings of the respondent are affirmed.—*Writ dismissed and proceedings affirmed.*

ARTHUR, C. J., EVANS and PRESTON, JJ., concur.