# OCTOBER, 1926

### Ex Parte Jasper Chambers.*

In the Springfield Court of Appeals. January 7, 1927.

*Corpus Juris-Cyc. References: Breach of the Peace, 9CJ, p. 393, n. 17; Costs, 15CJ, p. 312, n. 8; p. 344, n. 6 New.

*Page & Barrett* and *J. H. Bowron* for petitioner.

*I. W. Mayfield & Son* for respondent.

BAILEY, J.—The petitioner, Jasper Chambers, made application to this court for writ of *habeas corpus* on the 14th day of September, 1926. Our preliminary writ was forthwith issued and made returnable on the 4th day of October, 1926. The petitioner filed a recognizance September 14, 1926, and was thereupon ordered released from custody pending the hearing on the preliminary writ of *habeas corpus*. The petition for the writ avers that the petitioner is unlawfully deprived of his liberty by J. W. Wyrick Sheriff of Pulaski county, Missouri; that on March 18, 1925, judgment was rendered against him in the circuit court of that county for costs incurred in a certain proceeding tried in said court wherein petitioner was adjudged to enter into a peace bond on the complaint of one, T. A. Shockley; that he furnished the required bond and was discharged, but failed to pay the costs; that on the —— day of September, 1926, there was issued out of the office of the circuit clerk a *capias* execution directed to sheriff commanding him to imprison petitioner on account of non-payment of said costs; that by virtue of said commitment, the sheriff is now "restraining him of his liberty. "

The petitioner further avers that the imprisonment is illegal in that Article 3, of Chapter 25, Revised Statutes 1919, under which the proceeding was heard and in which said costs accrued, is not in the nature of a criminal proceeding and does not authorize imprisonment for costs of any person found guilty thereunder but only makes

such person liable for such costs and, therefore, the petitioner is being imprisoned for the non-payment of a debt.

Respondent, by his return, denies petitioner is illegally detained or that he is imprisoned for a debt. Respondent further recites the judgment of conviction requiring petitioner to give a peace bond, which judgment was affirmed on appeal to this court (278 S. W. 817); that petitioner is confined by process issued by the court and delivered to the respondent and that he confined petitioner in good faith under authority of law. Respondent also made return of the original *capias* execution together with a certified copy thereof and the judgment and order of the circuit court in relation thereto.

The question we are called upon to decide is whether the circuit court ordered the imprisonment of petitioner in a case not allowed by law. The statute, Article 3, Chapter 25, Revised Statutes 1919, under which petitioner was convicted and required to give a bond to keep the peace has been on our statute books in its present form since the revision of 1879. Nevertheless we have been unable to discover where the question here presented has ever been passed upon by any court in this State. In fact our search, and that of able counsel on both sides, has unearthed but two decisions from other States, hereinafter referred to, dealing directly with the point in hand. This court held in State ex rel. v. Chambers, 278 S. W. 817, that a proceeding to require the giving of a peace bond is not, strictly speaking, a criminal proceeding. It is a proceeding to prevent the commission of a crime and to afford protection personal to the individual complaining. The whole proceeding is governed by statute to which we must look for guidance. Section 3748 provides that upon conviction "the defendant shall be liable for costs, as in other cases of conviction." Section 3756 authorizes appeal from the justice. Section 3757 provides that if the judgment is affirmed the court shall require a new recognizance "and render judgment against the defendant for all costs in the case." These proceedings, to require petitioner to give a peace bond, were commenced in the justice court, affirmed on appeal to the circuit court and again affirmed on appeal to this court. We are of the opinion, therefore, that the payment of costs in this case is governed by the provisions of section 3757, which simply directs judgment for costs against defendant upon affirmance of the conviction. But even though section 3748 applies, as assumed by respondent, it is our opinion that section is no different in its meaning and intent from section 3757 and cannot be construed as authorizing the issuance of a *capias* execution. Unless it does so authorize, there is no law under which the payment of costs in such cases can be enforced by imprisonment. The words *"defendant shall be liable for costs, as in other cases of conviction,"* while authorizing a judgment against defendant for costs does not, except possibly

by inference, authorize the *collection* of costs by imprisonment, as in criminal cases. Such an inference in our opinion, should not be indulged in, especially when construing a statute of this character. The costs for which defendant may be *liable* is one thing and the manner in which the *collection* thereof may be enforced is another. The intent of the Legislature to authorize imprisonment for costs in a proceeding not strictly criminal should clearly appear. In the case of In Re Mitchell et al., 19 Pac. R. 1, the Supreme Court of Kansas, considering a similar question, held that the collection for costs in a proceeding to prevent the commission of an offense could not be enforced by imprisonment, although costs in criminal cases were so collected. The statute there under consideration authorized the court to "adjudge the costs according to its discretion." In the case of Bislow v. Sargent (Minn.), 76 N. W. 1129, the court held the relator might be imprisoned for costs in such a proceeding under a statute which provided that the person required to give security to keep the peace, shall be liable for costs and "shall stand committed until such costs are paid." The Bislow case is not persuasive here because the Minnesota Statute expressly authorized commitment for non-payment of costs.

Without discussing the question further, we have concluded the circuit court had no authority to order the petitioner imprisoned for non-payment of the costs in the peace bond proceedings. Our preliminary writ of *habeas corpus* is therefore made permanent and the petitioner ordered released.

*Cox, P. J.,* and *Bradley, J.,* concur.