[Crim. No. 2256. First Dist., Div. Two. Jan. 26, 1943.]

In re WALTER WAY, on Habeas Corpus.

Kenneth C. Zwerin for Petitioner.

Robert W. Kenny, Attorney General, David K. Lener, Deputy Attorney General, Matthew Brady, District Attorney (San Francisco), Preston Devine, Assistant District Attorney, and Raymond D. Williamson for Respondents.

NOURSE, P. J.—In his petition for a writ of habeas corpus the petitioner alleged that he was imprisoned under an order of the municipal court upon a charge of ''Threats Against Life'' and that his confinement was illegal because (a) there was no examination in writing of the informer; (b) the petitioner did not personally waive a jury trial; and (c) the magistrate acted arbitrarily in fixing the amount of the security required of petitioner to keep the peace.

At the hearing of the petition for a writ, the petitioner waived the first and third grounds and rested his case solely upon the question of the right to a trial by jury. This waiver was based upon the petitioner's concession that the facts were against him on the first ground, and that, he being on parole from the state penitentiary, he would be taken into custody and held under the prior conviction, even though the security required should have been merely nominal.

The question whether a party is entitled to a trial by jury

on a charge of threats to commit a breach of the peace has not been decided in this state. The authority under which such proceedings are had is found in sections 701-714 of the Penal Code. Section 701 provides that an information may be laid before a magistrate that a person has threatened to commit an offense against the person or property of another. Section 702 requires the magistrate to take the deposition of the informer and witnesses and cause them to be subscribed to. Section 706 provides that if "there is just reason to fear the commission of the offense" the magistrate may direct the person complained of to enter into an undertaking to keep the peace. Such undertaking shall be in such amount, not exceeding five thousand dollars, "as the magistrate may direct."

The petitioner argues that, since this procedure is statutory, the statute must be strictly followed. But he also argues that the remedy comes from the common law and that he was therefore entitled to a trial by jury, as in other criminal cases. It is apparent that the code sections do not provide and do not contemplate a trial by jury. All the authority to conduct the hearing and to require the security is conferred upon the "magistrate." He "must take testimony" and he may require the security if "there is just reason to fear the commission of the offense."

Apparently conceding that the code sections do not in terms provide for a trial by jury the petitioner cites and relies upon section 7 of article I of the Constitution which declares that the right of trial by jury "shall be secured to all." This section, however, has been the subject of numerous limitations. Thus it has been held frequently that the right exists only in such cases where the right existed at common law. In the early case of *Koppikus* v. *State Capitol Commissioners*, 16 Cal. 248, 253-254, the court said "The provision of the Constitution, that 'the right of trial by jury shall be secured to all, and remain inviolate forever,' applies only to civil and criminal cases in which an issue of fact is joined. The language was used with reference to the right as it exists at common law. It is true, that the civil law was in force in this State at the time of the adoption of the Constitution, but its framers were, with few exception, from States where the common law prevails, and where the language used has a well-defined meaning. . . . There must be an action at law, as contradistinguished from a suit in equity, and from a special proceeding, or a criminal action, and an issue of fact joined therein upon the pleadings,

before a jury trial can be claimed as a constitutional right."
Thus it has been held that the section does not apply to actions for divorce (*Cassidy* v. *Sullivan*, 64 Cal. 266, 267 [28 P. 234]); to a public officer prosecuted under section 772 of the Penal Code, (*Cline* v. *Superior Court*, 184 Cal. 331, 335 [193 P. 929]); to proceedings for the examination of persons addicted to the use of narcotics (*In re Liggett*, 187 Cal. 428, 430 [202 P. 660]); or to actions in equity where equitable issues alone are involved (*Farrell* v. *City of Ontario*, 39 Cal. App. 351, 359 [178 P. 704], approved in *Pacifiç Western Oil Co.* v. *Bern Oil Co.*, 13 Cal.2d 60, 69 [87 P.2d 1045]).

This procedure in the common law is treated by Blackstone, Cooley's Fourth Edition, vol. II p. 1414, section 251, as a means of preventing the commission of crimes rather than a means of punishing for crimes committed. He says: "This preventive justice consists in obliging those persons whom there is a probable ground to suspect of future misbehavior, to stipulate with and to give full assurance to the public, that such offence as is apprehended shall not happen; by finding pledges or securities for keeping the peace, or for their good behavior. . . . But the caution that we speak of at present is such as is intended merely for prevention, without any crime actually committed by the party, but arising only from a probable suspicion that some crime is intended or likely to happen; and consequently it is not meant as any degree of punishment, unless, perhaps, for a man's imprudence in giving just ground of apprehension."

In *Herz* v. *Hamilton*, (198 Iowa 154 [197 N.W. 54, 54]), the court, in reference to a similar statutory proceeding, said: "This proceeding is not for the punishment of any criminal offense. The actual commission of any crime is not essential to an order requiring the giving of security to keep the peace. The binding over by the magistrate is not a punishment either at common law or under our statute. (*Ford* v. *State, supra; Howard* v. *State, supra; Reg.* v. *Rogers*, 7 Mod. 28, 87 Eng. Rep. 1074.)

"The court did not err in refusing to grant the petitioner a jury trial, nor is the statute under which the proceedings were had unconstitutional because of a failure to provide for such trial."

This ruling is based upon the practically uniform holding that such proceedings are not criminal; that, though they are sometimes referred to as being quasi-criminal, they are quite

the opposite of criminal proceedings, the latter seeking the punishment for crimes committed, the former seeking to prevent the commission of a crime. In accord with this view are *Howard* v. *State,* 121 Ala. 21 [25 So. 1000]; *Arnold* v. *State,* 92 Ind. 187; *Ford* v. *State,* 96 Miss. 85 [50 So. 497]; *Beslow* v. *Sargent,* 74 Minn. 242 [76 N.W. 1129].

The only authority cited by petitioner is *Davis* v. *State,* 138 Ind. 11 [37 N.E. 397]. It is true that a jury trial was had in that case, but the opinion is confined to the claimed errors in the proceedings. A jury seems to have been accepted without comment, but there is no holding that the accused was entitled to a trial by jury. In any event if that jurisdiction requires a jury trial it stands alone so far as our search of authority discloses.

We conclude that the petitioner was not entitled to a trial by jury, and that the failure of the code sections to provide for such a trial does not offend the constitutional guaranty.

The writ is discharged and the petitioner is remanded to custody.

Spence, J., concurred.